MOODY v. MACOMBER.

APPEAL AND ERROR — CHANCERY APPEALS — ORDER OVERRULING
DEMURRER—STATUTES—CONSTRUCTION.

> Act No. 340, Pub. Acts 1907, entitled "An act to regulate the
> practice on appeal in chancery cases," does not in terms, nor
> by necessary implication, repeal Act No. 58, Pub. Acts 1883,
> permitting an appeal from an order overruling a general de-
> murrer; said act of 1907 indicating a purpose to regulate the
> practice only, and not to restrict or enlarge the right of
> appeal.

Bill by Paul B. Moody, executor of the last will and tes-
tament of John B. Sutton, deceased, against John B. Ma-
comber to set aside certain deeds and to quiet title. From
an order overruling a demurrer, defendant appeals: On
motion to dismiss the appeal. Submitted December 21,
1908. (Calendar No. 23,094.) Motion denied March 30,
1909.

*Geer, Williams & Halpin*, for the motion.

*B. F. Reed*, contra.

MONTGOMERY, J. This is a motion to dismiss an ap-
peal taken from an order overruling a general demurrer
to a bill of complaint. It is claimed that by Act No. 340,
Pub. Acts 1907, entitled "An act to regulate the practice
on appeal in chancery cases," the legislature has limited
appeals to cases in which final decree has been passed in
the circuit court in chancery. A history of the legislation
upon the subject and of the decisions thereunder is briefly
as follows: By chapter 176 of the Compiled Laws of 1871,
being chapter 90 of the Revised Statutes of 1846, as
amended, relating to courts of chancery, under the title,
"Appeals to the Supreme Court," it was provided, by sec-
tion 143:

"Any complainant or defendant who may think himself aggrieved by the decree or final order of a circuit court in chancery, in any cause, may appeal therefrom to the Supreme Court."

This was followed by provisions prescribing the method of taking the appeal. It was held under this statute that an order overruling a demurrer was not a final decree or order in such sense as to entitle the defeated party to appeal. *Bennett* v. *Nichols,* 12 Mich. 22; *Kirchner* v. *Wood,* 48 Mich. 199. In 1883, by Act No. 58, this statute was amended so as to read in part as follows:

"Any complainant or defendant who may think himself aggrieved by the order overruling a general demurrer, or by the decree or final order of a circuit court in chancery in any cause, may appeal therefrom to the Supreme Court."

No amendment in terms to this statute has been since enacted. But in 1907 by Act No. 340, entitled "An act to regulate the practice on appeal in chancery cases," it is provided, by section 1, as follows:

" Hereafter appeals in chancery to the Supreme Court of this State shall be taken and perfected under the provisions of this act, and not otherwise."

By section 2 it is provided:

"Any person conceiving himself aggrieved by the decree of any court in chancery may, within forty days after the filing of the decree, claim an appeal from said decree to the Supreme Court of the State of Michigan," etc.

It is the claim of the complainant in the present case that this statute in effect repeals the provisions of the act of 1883, and that the present law is to be construed the same as section 143 of the original act before the amendment. We think it was not the intention of the legislature to effect this result. The term " decree" is broad enough to include an order overruling a demurrer. See 16 Cyc. p. 472. It is true that such an order is not a final decree, but there is no such relation of the word " decree"

and "final order" in the present statute as was found in the original section 143, from which it appears to have been deduced that the word "decree" in that case meant a final decree. But a more decisive reason is that the statute (section 143), as amended by the law of 1883, is not in terms repealed by the act of 1907, and, in view of the restrictive title of the act of 1907, we think it should not be held that it was repealed by implication. There is nothing in the title of the act, which is an act to regulate the practice on appeal in chancery cases, to indicate a purpose to either enlarge or restrict the right of appeal. Section 1 provides that appeals shall be taken and perfected in the manner prescribed by statute, and section 2 prescribes the manner of taking such appeals. The whole act indicates a purpose to regulate the practice only, and not to restrict or enlarge the right of appeal, and, as there is no repeal of the previous act, and the two acts can be reconciled, we think it should not be held that section 143 of chapter 176 of the Compiled Laws of 1871 has been repealed by implication.

The motion to dismiss will be denied, with costs.

GRANT, OSTRANDER, MOORE, MCALVAY, and BROOKE, JJ., concurred. BLAIR, C. J., and HOOKER, J., took no part in the decision.