## PEOPLE'S STATE BANK *v.* FRISBEE.

1. APPEAL AND ERROR—JUDGMENT—ISSUANCE OF WRIT AS MATTER. OF COURSE—STATUTES.

Where two cases, each involving less than $500, were tried separately in justice's court, but on appeal to the circuit court, by agreement of the attorneys, were combined and tried as one case, and a judgment for more than $500 was entered, the contention that appellant was not entitled to the issuance of a writ of error as a matter of course, under the provisions of Act No. 172, Pub. Acts 1917, is. without merit.

2. TRIAL—BILLS AND NOTES—EVIDENCE—ADMISSIBILITY.

In an action by a bank upon certain promissory notes, where the indorsement on two of them was claimed to be a forgery, testimony regarding dealings between the maker and indorser, which clearly raised a collateral issue wholly unrelated to the issue on trial, was improperly admitted.

3. SAME—CROSS-EXAMINATION—DISCRETION.

Cross-examination of defendant, indorser, as to the usurious character of his dealings with the maker of the notes rested in the sound discretion of the court.

Error to Wayne; Murphy, J. Submitted January 24, 1919. (Docket Nos. 54, 55.) Decided April 3, 1919.

Assumpsit in justice's court by the People's State Bank against Daniel D. Frisbee and Thomas E. Mitchell on certain promissory notes. There were two separate suits in which one resulted in a judgment for plaintiff and one in judgment for defendants. Both were appealed to the circuit court, and by stipulation were tried as one case. Judgment for plaintiff. Defendant Frisbee brings error. Reversed.

*Millis, Griffin, Seely & Streeter,* for appellant.

*Keena, Lightner, Oxtoby & Hanley,* for plaintiff.

MOORE, J. Plaintiff commenced two suits in the justices' court for the city of Detroit against defendants, one involving two promissory notes and the other one. In each case less than $500 was involved. Plaintiff succeeded in one of said cases and defendants in the other. Both cases were appealed to the circuit court where they were brought on for hearing at the same time, when counsel for plaintiff in open court made the following announcement:

"*Mr. Hanley:* It is agreed, by the attorneys, Keena, Lightner, Oxtoby & Hanley, for plaintiff, and Millis, Griffin, Seely & Streeter, for the defendant Frisbee, and Wesley Nutten, for the defendant Mitchell, all being present, that the two cases between the same parties, being No. 64,030 and No. 64,031, may be combined and tried as one case.

"*The Court:* You all agree to that?

"*Mr. Nutten:* Yes.

"*Mr. Seely:* Yes."

After a full trial upon the merits and under a charge to the jury which indicated that there was but one issue for their determination, a verdict was rendered against both defendants in the sum of $834.13. Defendant Mitchell was the maker of each of the three notes on which suit was brought and at the trial conceded his liability thereon. Defendant Frisbee

admitted the genuineness of his indorsement upon one of the three notes, but insisted that his name had been forged upon the other two. The sole question, therefore, for the determination of the jury was whether defendant Frisbee had, in fact, indorsed the two notes in question. Through an error in the circuit court, judgment was rendered in each of the cases appealed in the same sum, $834.13. This error was cured by stipulation of counsel. In this court although appellant caused the issuance of two writs of error the cases were argued as one. From the judgment rendered against him, defendant Frisbee alone appeals.

Before entering upon a discussion of errors assigned by appellant we will notice the claim made in behalf of the appellee that the writ of error should be dismissed upon the ground that it issued in violation of the provisions of Act No. 172, Pub. Acts 1917. This argument is based upon the contention that inasmuch as no formal order for consolidation was made in the circuit court and as not more than $500 was involved in either of the cases in the justices' court, appellant was not entitled to the issuance of a writ of error as a matter of course under the provisions of said act. We think there is no merit in the contention. The language of the act in question is unambiguous and provides:

"Writs of error, upon any final judgment or determination, where the judgment exceeds in amount five hundred dollars, may issue of course." *   *   *

There is no question that the judgment in the case at bar exceeds the specified amount, and we must therefore hold that the writ properly issued as a matter of course.

It appears from the record that defendant Mitchell was engaged in the insurance business; that in the conduct of his business it frequently became necessary for him to secure advances of cash from some source.

Being acquainted with defendant Frisbee in the year 1910, it is apparent that an arrangement was entered into between the two men whereby, for a consideration, Frisbee indorsed the promissory notes of Mitchell, which Mitchell thereafter discounted at plaintiff bank. These notes and the renewals thereof were many in number and in the aggregate reached a considerable amount, the practice continuing over a period of some five years. Frisbee finally refused to further indorse whereupon the notes then extant were protested and certain of them paid by Frisbee to an amount in excess of $2,000. Among those so paid Frisbee claims to have discovered two bearing his forged indorsement and he refused to pay those in suit unless he should be given credit for the amount of those which he claimed to have erroneously liquidated. The execution of the notes in question having been denied, under oath, by defendant Frisbee, and notice under the plea having been given to the effect that they were produced by fraud, it became apparent that a considerable latitude in the examination of the witnesses was allowable in order that the relationship of the two defendants might properly be understood by the jury. The only meritorious question presented upon this record is whether the learned circuit judge who heard the case permitted counsel for plaintiff to go too far afield, thus introducing collateral issues which cannot properly be tried in the case and which tended very seriously to prejudice the rights of the defendant Frisbee. It appears that sometime during the acquaintance of the two defendants a lease was executed between Frisbee as lessor and the defendant Mitchell and one Conklin covering a large garage on Jefferson avenue, the rent reserved being $600 a month. During the examination of defendant Mitchell, by plaintiff's counsel, under the statute, he was permitted to testify over most strenuous objection that

Frisbee had falsely and fraudulently misrepresented to him facts and conditions with reference to certain subtenants occupying the garage and in effect that such fraudulent misrepresentations had caused him, Mitchell, to lose between two and three thousand dollars in said enterprise. The objection to this testimony was fully stated to the effect that it introduced a collateral issue which cannot be determined in this case. The examination was permitted, however, and after repeated objections and much argument the court said:

"I think it is pretty far afield myself. I will say that much."

Later counsel for defendant Frisbee offered to prove by Mr. Mullen (one of the garage tenants) that he left the garage and that he left it because he was unable to get along with Mr. Mitchell, but that Mr. Frisbee had absolutely nothing to do with it. On objection of plaintiff's counsel this evidence was excluded. A motion to strike out all of the evidence with reference to the garage matter as raising a collateral issue was denied. In his charge the court endeavored to guard the effect of the alleged incompetent testimony by saying:

"Now, in a sharply defined conflict of this character, you will, upon a moment's reflection, see that naturally the range of the testimony must be considerably broadened beyond that which ordinarily obtains in disputes in cases before a jury. If the testimony here were to be limited simply to the statement of the defendant Mitchell that his co-defendant indorsed the notes, and limited by the further statement by the defendant Frisbee that he did not indorse them, you would have no other aid in coming to a conclusion than those two statements directly contradictory of each other.

"Now, when such an issue as that is presented to a jury for consideration it is wisely permitted that the

jury have not only these direct conflicting statements before them to aid them in the deliberations, but also a larger field of inquiry is permitted. Why? So that the jury may, in coming to its verdict, have before them the entire relations of the parties, the precise situation in which they were relatively toward each other; so that, having these side lights, the benefit afforded by these collateral relations of the parties, the jury may thereby be better enabled to come to a true and correct conclusion.

"So here, gentlemen, pursuant to that principle of law, the parties upon each side have been permitted to go outside of the direct controversy raised with reference to these notes, and to go into the mutual situation of the parties, their dealings with each other, the course of their business conduct, that you might then have the better light afforded for your aid in determining which is the more probable of the stories presented for your consideration, which is the more likely, in view of the entire course of dealings of the two parties, the one with the other. These are side lights permitted in this case for whatever benefit or aid they may have, if any, in assisting you to come to a correct conclusion upon the main controversy, which is, namely, Did the defendant Frisbee indorse those two disputed exhibits?"

We are of opinion that the admission of the testimony regarding the dealings between the two defendants with reference to the garage clearly raised a collateral issue it was impossible to properly determine in the case on trial, and can clearly see how such testimony may have been injurious to defendant Frisbee. In *Wessels* v. *Beeman*, 87 Mich. 481, it was said:

"In the investigation of fraud, it is usual to permit a wide range of investigation of matters which will throw light upon the question at issue, but irrelevant testimony is no more admissible in trying questions of fraud than in any other investigation or trial of civil actions at law."

See, also, *Smith* v. *Nixon*, 145 Mich. 593; *Hyman* v. *Kirt*, 153 Mich. 113; *Bales* v. *Evans*, 182 Mich. 383; and *Stevens* v. *Stevens*, 181 Mich. 449.

The issue between the plaintiff and defendant Frisbee was a very simple one: Was his signature on two of the notes in suit genuine or forged? As bearing upon this question the relations between himself and defendant Mitchell might be shown within reasonable bounds, but it was clearly incompetent to go into the detail of deals between them wholly unrelated to the issue on trial.

Error is assigned upon the ruling of the court in permitting too wide a latitude in the cross-examination of defendant Frisbee upon the usurious character of the dealings with defendant Mitchell. This matter we think rested in the exercise of a sound discretion by the court.

For the error pointed out the judgment must be reversed with costs and a new trial ordered.

BIRD, C. J., and OSTRANDER, STEERE, FELLOWS, STONE, and KUHN, JJ., concurred. BROOKE, J., took no part in the decision.