ELY *v.* DEWEY.

EQUITY—LIENS—CONCURRENT JURISDICTION—PROBATE COURTS—ADE-
QUATE REMEDY AT LAW.

> Where probate court, awarding certain amount to guardian on
> filing final account, did not constitute said award lien upon
> interest of ward in real estate sold on contract, circuit court
> has no power to impress equitable lien under its reserved con-
> current jurisdiction under 3 Comp. Laws 1929, § 15519, since
> said remedy is now beyond power of probate court to grant;
> guardian having adequate remedy at law.

Appeal from Oakland; Gillespie (Glenn C.), J.
Submitted June 8, 1932. (Docket No. 50, Calendar
No. 36,530.) Decided September 16, 1932.

Bill by May Ely against Alphonzo Dewey and
another to impress an equitable lien on a vendor's
interest in land. Bill dismissed. Plaintiff appeals.
Affirmed.

*Wm. S. McNair* and *N. Calvin Bigelow,* for plain-
tiff.

*Brown, Stoneman, Lorenzo & Springstun,* for de-
fendant Dewey.

WIEST, J. Defendant Dewey is a brother of plain-
tiff, and, for several years before he became 21 years
of age, he lived with and was supported by plaintiff,
who was guardian of his person and his estate of
50 acres of land. After defendant Dewey reached
his majority, plaintiff filed her account as guardian,
and was awarded the sum of $6,492.50. Previous
to the allowance, defendant Dewey sold the prop-
erty on land contract to defendant Stormfeltz-Love-
ley Company, upon which contract a large amount

is to fall due in the future. The probate court did not constitute the award a lien upon the interest of defendant Dewey in the land contract.

The bill of complaint was filed for the purpose of impressing an equitable lien upon defendant Dewey's vendor's interest in the real estate. The circuit judge dismissed the bill, stating:

"The final order of the probate court does not give plaintiff a lien upon the real estate. This is sometimes done in the settlement of estates, but where it is omitted, I have been unable to discover any authority which places such a demand upon any different footing than any obligation to pay money. Neither the bill nor the testimony discloses that plaintiff does not have an adequate remedy at law. So far as I am able to discover she is in the same position as any other creditor of Dewey. She can commence action on the law side of the court and reduce her claim to judgment and levy upon Dewey's interest in the property or in the contract."

Plaintiff reviews by appeal. Plaintiff has an adequate remedy at law, but contends that what the probate court might have done by way of subjecting defendant's estate to a lien the court of chancery has the power to do under its reserved concurrent jurisdiction, as stated in 3 Comp. Laws 1929, § 15519.

To now do what plaintiff asks, and what the probate court did not do, would not come at all within the concurrent jurisdiction reserved by the mentioned statute, but constitute a remedy beyond the power of the probate court to now grant, and, therefore, beyond the concurrent jurisdiction of the circuit court.

The decree dismissing the bill is affirmed, with costs to defendant Dewey.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.