BERKE *v.* MURPHY.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE.
    On appeal from denial of defendant's motion for a directed verdict evidence must be considered in the light most favorable to plaintiff's right of recovery.

2. JOINT ADVENTURES—ONE ATTORNEY RETAINED BY ANOTHER—CONTINGENT FEES.
    Relation of one attorney, retained to prosecute claims on a contingent fee, to another lawyer, who is employed to act as counsel in the litigation and to share fee if they are successful but get nothing if unsuccessful, is that of joint adventurers or special partners and not employer and employee.

3. ATTORNEY AND CLIENT—QUESTION FOR JURY—EVIDENCE.
    In action for fee for services rendered by plaintiff, an attorney, to defendant, also an attorney, pursuant to alleged oral agreement whereby plaintiff was to receive a portion of any fees

defendant might receive if retained by client introduced by plaintiff to defendant, evidence *held,* to warrant submission to jury of question of whether arrangement resulted in contract between the parties.

4. Trial — Evidence — Admissibility — Collateral Matters — Reversible Error.

In action between two attorneys, tried before jury, wherein plaintiff claimed portion of contingent fee received by defendant, admission of testimony and cross-examination of defendant, over his repeated objections, as to extent of his law business and political activities *held,* prejudicial and reversible error as such matters were collateral to sole issue of whether or not there was a contract between the parties.

Appeal from Wayne; Maher (John J.), J., presiding. Submitted April 13, 1937. (Docket No. 59, Calendar No. 39,410.) Decided June 29, 1937.

Assumpsit by Nathan R. Berke against George B. Murphy for attorney's fee. Verdict and judgment for plaintiff. Defendant appeals. Reversed and new trial ordered.

*Cashan P. Head,* for plaintiff.

*George B. Murphy* (*Christian H. Lehman* and *Wilber M. Brucker,* of counsel), for defendant.

Sharpe, J. Elizabeth Carmichael Witherspoon received some information in 1933 or 1934 which led her to believe that she was an heir-at-law of Mr. and Mrs. William H. Yawkey of New York City, who had been deceased for a number of years and who left substantial estates. Acting on this information she consulted her foster brother, Arthur O. Carmichael, an attorney of Detroit, Michigan, and an associate of Henry C. Walters, a Detroit lawyer. After an investigation had been made, Carmichael made a

demand upon the representatives of the Yawkey estates in behalf of Elizabeth Carmichael Witherspoon for recognition of her heirship; and upon refusal Mr. Carmichael decided to bring suit in New York and to retain able trial counsel. About this time he talked the matter over with plaintiff, an attorney, who was employed by Henry C. Walters with the right to engage in private practice for himself and as a result of this discussion plaintiff interviewed defendant and finally recommended him to Elizabeth Carmichael Witherspoon as the person best suited to represent her. About August 15, 1935, plaintiff introduced defendant to Elizabeth Carmichael Witherspoon, the result of which was that defendant was retained as an attorney to represent Mrs. Witherspoon upon a contingent fee basis of 10 per cent. On September 5, 1935, a written contract was entered into embodying the terms of the oral agreement and also providing that the contract was personal to defendant and unassignable in whole or in part. Following this contractual relationship, defendant effected a settlement with the Yawkey estate whereby Elizabeth Carmichael Witherspoon was paid $250,000 and defendant received a fee of $25,000.

It is the claim of plaintiff that before the defendant was informed that he (defendant) had been retained as attorney for Elizabeth Carmichael Witherspoon, plaintiff and defendant made an oral agreement whereby the defendant agreed to pay plaintiff 20 per cent. of any fees he might recover if he was retained in the case for Mrs. Witherspoon; that on August 20, 1935, he started to look up the law in reference to the claim and continued to do so for four days; that he prepared a brief on the subject matter and gave the same to attorney Carmichael;

that he had prepared a written agreement and asked defendant to sign, but defendant refused giving as his reason that his client objected to defendant entering into an agreement whereby defendant was to split his fees, but that defendant informed plaintiff not to worry about an unsigned contract as he (plaintiff) would receive his compensation; that the claim of Elizabeth Carmichael Witherspoon was settled on January 11, 1936, without a lawsuit having been started; and that later defendant offered to pay plaintiff $500 which was refused and upon the failure of defendant to pay the 20 per cent. of $25,000, plaintiff began suit.

The cause was tried before a court and a jury, and resulted in a verdict for plaintiff in the full amount of his claim. At the close of plaintiff's proofs, defendant made a motion for a directed verdict upon the theory that no contract had been proven. This motion was denied. After the jury brought in its verdict, defendant made a motion for judgment *non obstante veredicto*. This motion and also a motion for a new trial were denied.

Defendant appeals and contends that plaintiff failed to prove a contract supported by a valid and valuable consideration. It is plaintiff's claim that he did everything that he was required to do under the terms of the contract, namely, procure the employment of defendant, investigate the law, prepare a brief thereon and render such other service as defendant might require.

In *Arnell* v. *Gordon,* 234 Mich. 140, we held, on reviewing the denial of defendant's motion for a directed verdict, that the evidence must be considered in the light most favorable to plaintiff's right of recovery.

Under plaintiff's theory of the case, the arrangement was an agreement between two attorneys to handle a piece of legal business and constituted a joint venture. In *Langdon* v. *Kennedy, Holland, DeLacy & McLaughlin*, 118 Neb. 290 (224 N. W. 292, 63 A. L. R. 896), it is said:

"We see no reason why an attorney who has been retained to prosecute a claim for a contingent fee cannot employ another attorney to assist him, with the understanding that the attorney employed is to share in the contingent fee, if successful, and, if not, he is to receive nothing for his services. Such arrangement establishes between them the relation of joint adventurers or special partners, the same as if they had been retained by a common client on a contingent fee. In 33 C. J. p. 845, § 11, it is said:

" 'An agreement by an attorney who has been retained to prosecute claims on a contingent fee to share the fee with another lawyer who is employed to act as counsel in the litigation establishes between them the relation of joint adventurers, and not of employer and employee.' "

Under the factual situation in this case it was not error to submit this question to the jury.

Defendant next contends that it was error upon the part of the trial judge to permit plaintiff to introduce evidence concerning the extent of defendant's law business and his political activities as these were collateral matters and in no way had any bearing upon whether or not plaintiff and defendant entered into a contract. We have examined the record carefully and find that over the repeated objections of defendant, plaintiff was allowed to make a searching inquiry into defendant's law business in August, 1935, and prior thereto, also to examine defendant as to his political affiliations, the number of times he had been a candidate for political office and

his relationship to the present governor of the State of Michigan. We think it was prejudicial error to permit such a cross-examination of defendant. The issue in this cause relates solely to the question of a contract between plaintiff and defendant. The testimony was foreign to the issue and served no useful purpose. It tended to mislead and prejudice rather than to enlighten the jury on the real issue.

See *Alderton* v. *Wright,* 81 Mich. 294; *Collins* v. *Shaw,* 124 Mich. 474; *People's State Bank* v. *Frisbee,* 205 Mich. 67.

The judgment of the trial court is reversed and a new trial granted. Defendant may recover costs.

FEAD, C. J., and NORTH, WIEST, BUTZEL, BUSH-NELL, POTTER, and CHANDLER, JJ., concurred.