ASHBAUGH *v.* SINCLAIR.

1. COURTS—PROBATE COURT—JURISDICTION—STATUTES.
   The jurisdiction and powers of the probate court are derived entirely from the statutes and such courts are incapable of dealing completely with ordinary rights.
2. SAME—PROBATE COURTS—VESTED RIGHTS.
   Probate courts may not divest nor decide upon vested rights of property.
3. LIENS—CREATION BY IMPLICATION.
   The power to impress a lien upon real estate cannot arise by implication.

4. SAME—FORECLOSURE—PROBATE COURT—STATUTES.

Order of probate court impressing a lien upon real estate is a nullity and foreclosure of such lien must be denied, since there is no express statutory provision giving the probate court such power and the power cannot arise by implication.

5. SAME—EQUITABLE LIENS—GUARDIAN'S ADVANCEMENT TO WARD'S ESTATE—ADEQUATE REMEDY AT LAW.

Bank, which had acted as guardian for several minors whose estates consisted so largely of real estate as to require advancements of cash for their maintenance, upkeep of the real estate and payment of taxes thereon, was not entitled to an equitable lien upon the real estate in the estates of the several wards for advancements so made during their minority, since the bank had an adequate remedy at law.

6. COURTS—CHANCERY—PROBATE.

The circuit court in chancery cannot act as a substitute for the probate court.

Appeal from Oakland; Spier (James E.), J., presiding. Submitted January 6, 1942. (Docket No. 20, Calendar No. 41,721.) Decided March 17, 1942.

Bill by Murray M. Ashbaugh, receiver of First National Bank at Pontiac, Michigan, against Marion Alberta King Sinclair and others for an accounting and to establish an equitable lien. Decree for plaintiff. Defendants appeal. Reversed.

*Harold E. Howlett,* for plaintiff.

*E. L. Phillips,* for defendants.

BUSHNELL, J. Plaintiff Ashbaugh is the receiver of the First National Bank at Pontiac, which acted as a guardian for the defendants during their minority and had control of their estates. During the progress of the guardianship, the estates of the three minors, although having a net value of $80,000 at one time, did not include sufficient cash for their maintenance. The principal asset of the estates was an apartment house in the city of Highland Park,

which was subsequently lost through mortgage foreclosure. The bank advanced money to itself as guardian for the maintenance of the several wards, the upkeep of their real property, and the payment of taxes thereon.

A probate court order, dated August 13, 1935, allowing the guardian's final account, shows an overdraft representing advancements to the wards in the sum of $9,669.92. This order details the allocation of this overdraft to each of the several defendants. The probate court in this order impressed liens upon the real property belonging to the several defendants in the respective amounts found due the guardian. This order was recorded by direction of the probate court in the office of the register of deeds. All of the wards have since attained their majority.

The defendants not having repaid the moneys advanced by their former guardian, plaintiff filed a bill in the circuit court of Oakland county on June 9, 1939, for the purpose of foreclosing and satisfying the "lien."

Defendants challenged the validity of the "lien" on the ground that the probate court had no authority to impose a lien, and also contended that, if such advances were made by the guardian during their minority, they were voluntary advances for which an equitable lien cannot now be imposed.

The trial judge stated that it would have been better practice for the guardian to have petitioned the probate court for leave to mortgage the property of the minors as security for needed advancements. The trial judge held, however, that:

"It is the opinion of this court that equity and good conscience, as well as the protection of all minors and wards in other cases, now and in the future, where necessity requires advancement of moneys for their welfare or interest, justifies action

of this court of chancery in declaring a lien on the real estate for the moneys so advanced in unquestioned good faith. * * *

"It is, therefore, the opinion of this court that equity is only carrying out the intention of the parties in holding that a decree should be entered declaring a lien upon the respective minors' interest in the property for the amounts as set forth in the final probate court order, and declaring such amounts due and payable to the plaintiff, together with interest at five per cent. from the date of said order."

A decree was entered providing for foreclosure of the "lien" thus imposed.

The jurisdiction and powers of the probate court are derived entirely from the statutes and probate courts are incapable of dealing completely with ordinary rights. They may not divest nor decide upon vested rights of property. *In re Estate of Fraser*, 288 Mich. 393. See, also, *In re Chamberlain's Estate*, 298 Mich. 278.

Appellee argues that the court implied in *Ely* v. *Dewey*, 260 Mich. 38, that a probate court may impress a lien upon real estate. Such power cannot arise by implication. There being no express statutory provision giving the probate court such power, an order of that court impressing a "lien" upon real estate is a nullity, and the foreclosure of such "lien" must be denied.

In the alternative, plaintiff asked:

"That the court will, if it does not find a lien to be created, decree that the said defendants hold the title to said property in trust for the benefit of this plaintiff, to the amount which the court finds the defendants respectively owe to the said plaintiff."

A full discussion of the requisites of an equitable trust may be found in *Union Guardian Trust Co.* v. *Emery*, 292 Mich. 394, and need not be repeated here.

In *Capen* v. *Garrison,* 193 Mo. 335, 349, 350 (92 S. W. 368, 5 L. R. A. [N. S.] 838), Capen advanced money to pay off an incumbrance on a ward's property and took as security a deed of trust executed by the curator (guardian), with the sanction of the probate court. The Missouri statute did not permit a curator, even with the sanction of the probate court, to mortgage his ward's lands for the purpose of borrowing money to discharge a pre-existing incumbrance. Capen claimed the right to an equitable lien. The court pointed out the prescribed boundaries of equitable liens, saying:

"It is not a limitless remedy to be applied according to the measure of the conscience of the particular chancellor any more than, as an illustrious law writer said, to the measure of his foot. * * * The doctrine of equitable lien applies no more in favor of a mere volunteer than does the doctrine of subrogation. In vain would a statute prescribe the limit of a curator's power to mortgage his ward's property if a court of equity should, by giving it another name, whether it be subrogation or equitable lien, invest an unauthorized deed with substantially the same effect it would have had if it had been expressly authorized by the statute."

Plaintiff in the instant case has an adequate remedy at law and is not entitled to an equitable lien under the facts presented in this record. The circuit court in chancery cannot act as a substitute for the probate court. *Dickinson* v. *Seaver,* 44 Mich. 624.

The decree of the circuit court imposing an equitable lien and ordering a sale of the property is vacated, with costs to appellants.

CHANDLER, C. J., and BOYLES, NORTH; STARR, BUTZEL, and SHARPE, JJ., concurred. WIEST, J., did not sit.