STATE HIGHWAY COMMISSIONER v. WOODMAN.

1. EMINENT DOMAIN—JURISDICTION OF COMMISSIONERS—DIVISION OF AWARD FOR A PARCEL—STATUTES.

Amendment of condemnation statute authorizing proceeding to be conducted by commissioners appointed by either the probate or circuit court whereby the commissioners merely determined the amount to be awarded for the taking of a parcel and specifically providing that the court might determine the division of any award among the claimants thereto limited the power of the commissioners and granted the power to the judge of probate or circuit judge (PA 1925, No 352, §§ 16, 19, as amended by PA 1941, No 279).

2. SAME—APPORTIONMENT OF AWARD—PROBATE JUDGE—STATUTES.

The probate judge would not have the power to apportion an award in a condemnation proceeding in the absence of a specific statutory provision granting him such authority (CL 1948, § 213.186).

3. SAME—MORTGAGEE OF PARCEL TAKEN.

A mortgagee of parcel taken in condemnation proceedings is entitled to have his claim as to the award made for the parcel

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 18 Am Jur, Eminent Domain § 365.
[3] 18 Am Jur, Eminent Domain § 235.
Protection of rights of mortgagee in eminent domain proceedings. 58 ALR 1534; 110 ALR 542; 154 ALR 1110.
[5] 18 Am Jur, Eminent Domain §§ 378, 379.
Liability for costs on appeal relating to amount of condemnation award. 50 ALR2d 1386.

considered with other parties in interest (CL 1948, §§ 213.186, 213.189).

4. Same—Commissioners—Courts—Division of Award.

Statutory provisions authorizing condemnation of private property, for highway purposes through use of court-appointed commissioners limited authority of commissioners to making an award for each parcel taken and empowered the probate court or circuit court to divide the award made among parties claiming an interest therein (CL 1948, §§ 213.186, 213.189).

5. Costs—Construction of Statutes—Condemnation of Land for State Highway.

No costs are allowed on appeal from order of probate court requiring commissioners appointed in proceedings to condemn land for State highway purposes, where questions of statutory construction are involved (CL 1948, §§ 213.186, 213.189).

Appeal from the probate court for the county of Van Buren; Wright (William P.), J. Submitted April 6, 1962. (Docket No. 41, Calendar No. 49,288.) Decided May 17, 1962.

In the matter of the petition of John C. Mackie, State Highway Commissioner, for condemnation of property in Van Buren county for highway purposes. William H. Woodman and Kathryn Woodman, owners, and Robert Buskirk, Norma Buskirk, Laura Richardson and Maurice Buskirk, lessees or mortgagees of lessees' interest, petitioned for separate awards. From an order directing separate awards, plaintiff appeals. Reversed and remanded.

*Frank J. Kelley,* Attorney General, *Eugene Krasicky,* Solicitor General, *Eugene F. Townsend* and *Samuel D. Frane,* Assistant Attorneys General, for plaintiff.

*John S. Olds,* for defendants Woodman.

*Williams & Williams (Lewis R. Williams, Jr.,* of counsel), for defendants Buskirk and Richardson.

Carr, C. J. This case involves a controversy arising in connection with condemnation proceedings instituted by the State highway commissioner to obtain certain land in Van Buren county for highway purposes. In the course of said proceeding a petition was presented to the probate court of said county for the appointment of commissioners to determine the compensation to be paid for the property that had been taken. Said order, after naming the commissioners, indicated the scope of their duties in the following language:

"To (1) determine before the acquisition, the market value of the parcel or tract from which the aforesaid taking occurred, and (2) determine the market value of the remainder of said parcel or tract, if any there be, assuming justified rehabilitation completed on any remainder, of fences, buildings or other improvements, if any there be, which are real estate and not expressly taken and located on land acquired and which must be removed for exercise of the public right and use acquired, and (3) award the difference in market value after justified rehabilitation on any remainder plus the cost of such rehabilitation of any fences, buildings or other improvements which are real estate and not expressly taken and which add sufficiently to the market value of the remainder to justify the removal thereto, as just compensation to be divided and apportioned by the court between or among the interested parties, if any division is required."

The petition of the highway commissioner on which the foregoing order was based designated several persons as interested therein as owners or otherwise, and also included in the list the Federal Land Bank of St. Paul as having a possible interest as mortgagee. Apparently there existed a lease covering the premises, or a portion thereof, and defendants claiming to be owners of the property joined

with other defendants asserting rights as lessees or "mortgagees of the lessees interest" in a portion of the property, in asking that the court enter an order requiring the commissioners to make separate and distinct awards to the owners and to the lessees, or parties having any interest in the alleged leasehold. Such petition was opposed by the attorney general on behalf of the highway commissioner, but was granted, and under date of December 15, 1960, an order was entered directing the commissioners to make "separate and distinct awards as between the respective interests of the land owners on the one part, and the respective interests of the lessees on the other part, which separate awards shall be reported to this Court as provided by law." Motion for rehearing, or amendment of the order, was denied, and an appeal has been taken on behalf of the highway commissioner, it being asserted in substance by counsel in his behalf that the probate court was without authority to enter said order.

It will be noted in passing that the order appointing the commissioners did not require them to determine the market value of the respective interests that different parties might have in the property sought to be taken but, rather, to deal with parcels and tracts and to arrive at compensation in the manner specifically prescribed in said order, the compensation awarded "to be divided and apportioned by the Court between or among the interested parties, if any division is required." Thus it appears that the order from which the appeal has been taken in effect sought to modify the prior order by which the commissioners were appointed and which indicated the procedure that they would observe.

It is the claim of the attorney general, representing the State highway commissioner, that the action of the judge of probate in seeking to require the commissioners to appraise the owners' interest, and

the lessees' interest, separately, was not in accord with the statutory requirements under which the condemnation proceeding was instituted, that under the pertinent provisions of the statute each parcel taken was required to be valued by the appointed commissioners without reference to various interests that might attach to such parcels, that the making of separate awards might involve passing on questions of title, that the probate court possessed no such jurisdiction as to title of real estate, and that the attempt to invest the commissioners with such power and duty was a nullity. Obviously the determination of the question presented primarily depends on the construction of certain provisions of the statute relating to the proceeding here involved.

The act under which the condemnation proceeding was instituted* was amended by PA 1941, No 279, effective January 10, 1942, in certain respects material in the present case. Prior to such amendment, as amended by PA 1937, No 237, section 16 of the condemnation act read, in part, as follows:

"The court commissioners shall appraise the damages to be paid as compensation to each person interested in each such piece or parcel of property, and shall report such decision in writing, signed by them or a majority of them, at or before the time fixed for that purpose, but it shall not be necessary for said court commissioners to report on all of such property at one time."

As amended by the act of 1941, said section was changed to read:

"The court commissioners shall appraise the damages to be paid as compensation for each such piece or parcel of property, and shall report such decision in writing, signed by them or a majority of them, at

---

* PA 1925, No 352, as amended (CL 1948, § 213.171 *et seq.,* as amended [Stat Ann 1958 Rev § 8.171 *et seq.*]).

or before the time fixed for that purpose, but it shall not be necessary for said court commissioners to report on all of such property at one time." (CL 1948, § 213.186 [Stat Ann 1958 Rev § 8.187]).

For the obvious purpose of providing the method of determining compensation for separate interests in or to a parcel to be taken the legislature by the 1941 act inserted in section 19 of the condemnation statute (CL 1948, § 213.189 [Stat Ann 1958 Rev § 8.190]), a provision specifically providing that the court "may determine the division of any award among the several claimants thereto."

A condemnation proceeding under the statute may, in accordance with the provisions thereof, be instituted in either the circuit court or the probate court of the county in which the property sought to be taken for highway purposes is located.* It thus appears that the legislature by the amendments of 1941 to the act intended to limit the power of the commissioners appointed by the court to the determination of the compensation to be awarded for the taking of each parcel or tract of land involved, and to invest the judge of the court in which the proceeding was instituted, whether circuit or probate, with the power to apportion the award for each parcel among the possessors of various interests therein. That the legislature might grant such authority to the judge of probate is not open to question. It is equally true, of course, that in the absence of a specific statutory provision on the subject the probate judge would not have the power to make the apportionment. *Ashbaugh* v. *Sinclair*, 300 Mich 673. The conclusion may not be avoided that the legislature by the amendments to the highway condemnation act made at the legislative session of 1941 intended to limit the function of commissioners appointed to de-

---

* See CL 1948, § 213.177 (Stat Ann 1958 Rev § 8.178).—REPORTER.

termine compensation for property taken to parcels and tracts considered in their entirety and to vest in the judge of the court appointing such commissioners the authority to make apportionments of the award made by the commissioners among parties claiming interests in the property and asserting their claims in the proceeding.

It may be noted also that in the instant case the order from which the appeal has been taken provided merely for the making of separate awards to the landowners and to the lessees. Nothing was said as to possible rights of other parties in the property, including the mortgagee, if such there was. That a mortgagee is entitled to have his claim considered with the claims of others was recognized in *In the Matter of the Petition of Dillman,* 276 Mich 252.

Counsel for appellees have called attention to our decision in *Lookholder* v. *State Highway Commissioner,* 354 Mich 28, in support of their claim that each interest in a parcel of land taken for highway purposes must be separately appraised. That the owner of each such interest is entitled to compensation for what was taken from him is, of course, not open to question, but the answer to the argument is that the statute controls the procedure. The legislature has directed that the commissioners fix the amount of the compensation for the taking of each parcel or tract, and that the court has the duty of apportioning the award for each such parcel among the claimants thereto in accordance with the interests of each. The *Lookholder Case* did not involve the duties of commissioners appointed by the court under the statute, but had reference to the requirement that the State highway commissioner, or board of county road commissioners, as the case may be, shall attempt, before instituting condemnation proceedings, to negotiate with all interest holders. In the recent case of *In re Petition of State Highway*

*Commissioner*, 365 Mich 322, this Court recognized that the duty to apportion an agreed award among the parties having interests in the property taken rested with the judge of the court in which the proceeding was pending.

We are not concerned with the reasons that may have prompted the changes in the highway condemnation act by the adoption of the amendments of 1941. It may be noted, however, that the method of procedure contemplated by such amendments is in accord with the general rule observed in other States. The Minnesota supreme court in *State, ex rel. Kafka, v. District Court of Ramsey County*, 128 Minn 432, 436, 437 (151 NW 144), summarized such rule as follows:

"Whether separate awards are necessary under circumstances such as here disclosed has never heretofore been considered by this court. The question was raised, but not decided, in *Smith* v. *City of St. Paul*, 65 Minn 295 (68 NW 32). The uniform practice, however, has been, as we understand it, to consider the property about to be condemned as an entire estate, so far as concerns the public, the fee owner, and those having lesser interests therein. All persons are made defendants whose interests are to be foreclosed; but this is done, not for the purpose of determining questions of title between them, but so that they may be heard upon the issues of the right to condemn and the amount of damages to be awarded in gross. While, therefore, apportionment and separate awards are often convenient and beneficial where several persons own interests in a single tract or parcel of land, and while, furthermore, such are quite commonly made where the proceedings are in a court or tribunal having power and capacity to inquire into the variant interests, even in the latter case the well nigh universal mode of reaching a fair valuation of the property and determination of the damages, is to consider the property as though

the entire and undivided estate and all interests in the property were in a single person, and to find the value and damage in gross, thereafter apportioning the amount of the award thus arrived at between the various parties according to their interests."

A like conclusion is expressed in an annotation in 69 ALR 1263, and in a supplemental annotation in 166 ALR 1211. In these annotations numerous cases are cited in support of what is claimed to be the general rule. Doubtless the practice in some States depends on provisions of statute which have been adopted in accordance with the generally established practice.

The case is remanded to the probate court of Van Buren county with directions to set aside the order from which the appeal has been taken, and for further proceedings in the case. Questions of statutory construction being involved, no costs are allowed.

Dethmers, Kelly, Black, Kavanagh, Souris, and Otis M. Smith, JJ., concurred.

Adams, J., did not sit.