779 P.2d 826

**Joseph WATERMAN, individually, and as Personal Representative of the Estate of Muriel Y. Waterman, Plaintiff/Appellee,**

v.

**Bernard I. RABINOVITZ and Jane Doe Rabinovitz, husband and wife; Rabinovitz, Dix & Sands, P.C., Defendants/Appellants.**

No. 2 CA–CV 88–0227.

Court of Appeals of Arizona, Division 2, Department B.

April 18, 1989.

As Corrected April 24, 1989.

Review Denied Oct. 11, 1989.*

---

Arthur L. Hirsch, Tucson, for defendants/appellants.

Law Offices of Garven W. Videen by Garven W. Videen, Tucson, for plaintiff/appellee.

## OPINION

FERNANDEZ, Judge.

The two issues involved in this appeal are whether there was a joint venture agreement between the parties and whether appellee's claim for breach of the agreement is barred by the statute of limitations.

The trial court's findings of fact are essentially as follows: Both parties are attorneys licensed to practice law in the State of Arizona. Appellee Joseph Waterman entered into a contract in December 1975 with the David Couts family to represent them in a medical malpractice action in Maricopa County. Couts agreed to pay appellee 40% of the gross proceeds from that action as attorney's fees. In 1977, appellee filed a malpractice complaint and later filed two amended complaints. In late 1979, appellant Bernard Rabinovitz was first associated as counsel with appellee under an arrangement whereby appellant would be paid $60 per hour.

Sometime in January 1981, the agreement between the parties was modified, and the parties agreed to split the contingency fee recovery. Appellee claims he was to receive 75% of the fees and appellant 25%. Appellant claims the agreement was to divide the fees on a 50–50 basis.

In June 1981, a settlement was reached in the Couts litigation. The attorney's fee portion of the settlement totaled $58,000. The proceeds were placed in appellant's trust account, and in July 1981, appellant sent appellee 50% of the attorney's fees. In April 1985, appellee filed suit seeking an additional 25% of the attorney's fees. Count one of his complaint alleged breach of a joint venture agreement. Count two

alleged breach of a binding agreement to arbitrate the fee dispute before the appropriate state bar committee. Count three alleged that appellant had been unjustly enriched and that he was holding the excess sum as a constructive trustee. Appellant pleaded the affirmative defense of the statute of limitations.

The court initially granted appellant's motion for summary judgment, concluding that the three-year statute of limitations applied to all counts. Subsequently, appellee's motion for reconsideration was granted, the court ruling that the four-year partnership statute of limitations applies to a joint venture agreement.

Because of the amount in controversy, the case was submitted to arbitration pursuant to Rule 3.9, Pima Co.Super.Ct.Local R.Pract., 17B A.R.S. The arbitrator found that there was no binding agreement to submit the case to state bar arbitration and awarded appellee judgment in the amount of $14,500. Appellant appealed that decision, and the superior court tried the case de novo. The court found that a joint venture existed between the parties and that the four-year statute of limitations applied. It awarded $14,500 to appellee and found that the 75–25 split was reasonably based on the amount of work done by each of the parties. The court also found that no binding agreement existed to arbitrate the matter before the state bar.

On appeal, appellant contends that appellee failed to show that a joint venture existed and that, as a result, the three-year statute of limitations applies, barring the action.

## JOINT VENTURE

■ "[W]here an attorney retained on a contingent fee to prosecute a claim engages another lawyer to assist in the litigation, upon an agreement to share the fee in case of success, otherwise to receive nothing, they become joint venturers." 46 Am. Jur.2d *Joint Ventures* § 24 at 45 (1969). See also *McCann v. Todd,* 203 La. 631, 14 So.2d 469 (1943) and *Berke v. Murphy,* 280 Mich. 633, 274 N.W. 356 (1937). As appellant has pointed out, five elements must be present in order to show the existence of a joint venture: "(1) a contract, (2) a common purpose, (3) a community of interest, (4) an equal right of control and (5) participation in both profits and losses." *Ellingson v. Sloan,* 22 Ariz.App. 383, 386, 527 P.2d 1100, 1103 (1974). Appellant concedes that four of those elements are present here but contends that there was no evidence that appellant had an equal right of control as to the manner in which the malpractice case was handled. He also contends that there was no evidence to show that the parties intended to enter into a joint venture.

■ On the issue of joint control, appellant cites to a letter written by appellee to opposing counsel in which he stated that the case had not been turned over to appellant. What appellant has neglected to note, however, is that that letter was written in January 1980, shortly after appellant had associated as counsel on an hourly fee basis. Appellant also argues that the contract at issue was merely an employment contract and that all that changed in January 1981 was the rate of compensation. Appellee testified, to the contrary, that he initially asked appellant to assist him in the case on an hourly basis in December 1979 but that in January 1981, the nature of the relationship changed because appellant would shortly be doing much more work on the case. Appellee also expected the case to settle in the ensuing five or six months. He testified that he told appellant he would "probably do better" if he gave him a percentage of the case. Because appellee had had the case for five years at that point, appellee testified he agreed to give appellant 25% of the fee while keeping 75% for himself.

Appellant also argues there was no evidence of equal right of control because appellee wrote the settlement demand letter, drafted the stipulation for settlement and received the settlement checks. The evidence shows that both parties signed the settlement stipulation and that appellant

deposited the checks in his trust account, paid the remaining legal costs and distributed the funds to the client.

In determining whether there is an equal right of control, "[t]he test is whether there is a right of mutual control over the subject matter of the venture, that is, the means by which the parties intend to obtain their objective." *Ellingson*, 22 Ariz.App. at 386–87, 527 P.2d at 1103–04. The evidence here was that both parties wrote pleadings in the case, both conducted discovery, both paid expenses in the case and both agreed to the settlement that was reached. We conclude that the evidence was sufficient to support the trial court's finding that the parties had an equal right of control.

■ We also find sufficient evidence that the parties intended to enter into a joint venture. "Such intent may be inferred from the acts and conduct of the parties." *Helfenbein v. Barae Investment Co.*, 19 Ariz.App. 436, 439, 508 P.2d 101, 104 (1973).

## STATUTE OF LIMITATIONS

■ Appellant contends that appellee's action is one for a debt on an oral contract and that the applicable statute of limitations is three years. A.R.S. § 12–543(1). The court found that the statute of limitations applicable to this case is A.R.S. § 12–544 which provides in part as follows:

There shall be commenced and prosecuted within four years after the cause of action accrues, and not afterward, the following actions:

\* \* \* \* \* \*

2. By one partner against his copartner for a settlement of the partnership account ... and the cause of action shall be considered as having accrued upon a cessation of the dealings in which they were interested together.

A joint venture is a form of partnership. *Ellingson v. Sloan*, supra. In this case, a partnership was established for the limited purpose of pursuing the malpractice cause of action. Therefore, the court correctly held that the four-year statute of limitations applied.

Appellee will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

ROLL, P.J., and LACAGNINA, C.J., concur.