# STATE OF MICHIGAN

# COURT OF APPEALS

KHAIRY BARASH, individually and as Next
Friend for JONATHON BARASH,

Plaintiffs,

v

HUDA YALDO,

Defendant,

and

RASOR LAW FIRM, P.L.L.C.,

Appellant,

and

JONATHAN MARKO,

Appellee.

UNPUBLISHED
December 12, 2017

No. 332705
Macomb Circuit Court
LC No. 2014-001324-NI

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Appellant, nonparty Rasor Law Firm, appeals as of right the trial court's order granting in part appellant's motion to terminate a charging lien filed by appellee, nonparty Jonathan Marko. Specifically, the trial court found that appellee was not entitled to a charging lien, but was entitled to an equitable lien, on proceeds that appellant obtained from the arbitration award in the underlying case. We reverse the part of the trial court's order granting appellee an equitable lien.

This lien case arises from the appealing parties' legal representation of plaintiffs in the underlying case. According to plaintiffs, on August 31, 2011, defendant failed to stop her vehicle at a red light and collided with plaintiffs' vehicle, injuring both plaintiffs. Plaintiffs brought a single-count complaint against defendant for negligence. The parties stipulated to dismissal in favor of arbitration, but the trial court retained jurisdiction to enforce the arbitration award. According to plaintiffs, the arbitrator awarded them a total of $103,000.

-1-

Appellee alleged that, as part of his employment agreement, he and appellant had entered into a fee-splitting arrangement in which he was to receive "25% of money" that appellant received on cases that appellant generated and appellee worked. After the underlying case was settled but before the trial court entered the award, appellee left appellant's employment. According to appellee, he litigated plaintiffs' claim up to where the arbitrator issued the award, but a different attorney employed by appellant brought the motion to enforce the award in the trial court. Shortly after the award was entered, appellee asserted a charging lien over 25% of the funds appellant was to receive from the arbitration proceeds.

Appellant filed a motion to terminate appellee's charging lien, arguing that appellee could not assert an attorney's charging lien because he never had the necessary contractual relationship with the clients. Appellant explained that plaintiffs only entered into a contract with appellant, and appellee acted as an employee of appellant without a separate contract. In response, appellee argued that, by virtue of his fee-splitting arrangement with appellant, he was a special partner of appellant and, thus, could properly assert an attorney's charging lien in the same way as appellant. Appellee alternatively argued that, even if he did not have a charging lien, he held an equitable lien on the proceeds from the settlement because the fee-splitting arrangement created an obligation for appellant to pay appellee from the arbitration proceeds.

The trial court granted in part and denied in part appellant's motion. The trial court ruled that appellee was not entitled to an attorney's charging lien, reasoning that appellee needed an attorney-client relationship with plaintiffs to enforce an attorney's charging lien, which appellee did not have. The trial court went on to find that appellee was entitled to an equitable lien, and it reasoned as follows:

> In the case at bar, even though [appellee] was employed by [appellant] during the course of the instant litigation, his employment contract granting him a certain percentage of the attorney fees recovered from each case he litigated created an equitable lien pursuant to [*Barnes v Alexander*, 232 US 117; 34 S Ct 276; 58 L Ed 530 (1914), *Warren Tool Co v Stephenson*, 11 Mich App 274; 161 NW2d 133 (1968), and *Berke v Murphy*, 280 Mich 633; 274 NW 356 (1937)]. The employment contract provided that [appellee] was entitled to the agreed upon portion of the attorney fees arising out of a single case, thus creating an identifiable fund securing [appellee's] obligation to represent plaintiffs in this case as [appellant's] employee. Because [appellee] was entitled to compensation for his services pursuant to the employment agreement, he has a right to assert an equitable lien against the arbitration proceeds.

The trial court also found that an equitable lien was proper because appellee did not have an adequate remedy at law. It reasoned that appellee alleged that appellant was having financial difficulties and had certain services shut-off for nonpayment, and that, although appellant disputed these allegations, it failed to provide documentary evidence to refute appellee's claim. The trial court concluded that, even if appellee had a remedy at law, the trial court was permitted to grant appellee an equitable lien because doing so provided appellee with "a more complete remedy" since "a judgment for damages could be worthless."

On appeal, appellant argues that the trial court erred by finding that an equitable lien was authorized in this case. We agree. "Whether a lien is authorized in a particular case is a question of law," which we review de novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008).

It is well established in Michigan jurisprudence that "[a]n equitable lien cannot be imposed . . . if the proponent has an adequate remedy at law." *In re Estate of Moukalled*, 269 Mich App 708, 719; 714 NW2d 400, 407 (2006), citing *Yedinak v Yedinak*, 383 Mich 409, 415, 175 NW2d 706 (1970); *Ashbaugh v Sinclair*, 300 Mich 673, 677, 2 NW2d 810 (1942). Here, the trial court erred by finding that appellee did not have an adequate remedy at law. The trial court correctly recognized that appellee "may [have] a claim at law to enforce his employment contract." Indeed, if appellee was not granted an equitable lien, he could nonetheless collect what he was allegedly owed by bringing a cause of action against appellant for breach of his employment contract. However, the trial court erred by concluding that an equitable lien would provide appellee with "a more complete remedy" due to appellant's "purported precarious financial condition." At trial and on appeal, appellee alleged that appellant was having "solvency issues" based on appellant's alleged failure to timely pay certain bills. Appellee did not contend, and the trial court did not find, that appellant was insolvent. When considering only appellant's financial condition, such as the trial court did here, appellee has a complete remedy so long as appellant is solvent.[1] See *Maclean v Fitzsimons*, 80 Mich 336, 344; 45 NW 145 (1890) ("The bill does not allege that Beattie is insolvent; and, if not, [the complainant] has a complete remedy against him as the maker of the notes."). And because appellant was solvent, there was no basis for the trial court to conclude that an equitable lien would provide appellee with "a more complete remedy" than he would receive by prevailing on a breach of contract claim. If appellee is entitled to a portion of the attorney fees from the underlying case, then he would be able to recover the same amount in an action for breach of contract as he would from his asserted equitable lien. While we understand appellee's concern, there is nothing in the record before us to warrant the conclusion that appellee would be unable to collect in full any damages that may be awarded to him from a favorable judgment for breach of contract against appellant. Accordingly, because appellee has an adequate remedy at law[2] and an equitable lien

---

[1] We emphasize that our decision should not be taken out of context. Equity grants a court "broad power to fashion relief as the circumstances require," *Madugula v Taub*, 496 Mich 685, 712; 853 NW2d 75 (2014), and we acknowledge that a party's solvency is not necessarily determinative of an opposing party's equitable claim. However, the trial court's decision about the adequacy of appellee's remedy was based solely on appellant's "purported precarious financial condition," and, on that basis alone, we cannot conclude that a solvent party would be unable to provide an adequate legal remedy.

[2] Appellee argues that his legal remedy is inadequate because he "would be forced to incur costly litigation and long delays to vindicate his legal claims." However, we do not see how this affects the adequacy of appellee's remedy. While litigating a claim is certainly inconvenient, it may be necessary in this case in order to determine whether appellant and appellee had a contract, what the terms of that contract were, and whether appellant violated those terms.

would not provide appellant with "a more complete remedy," the trial court erred by authorizing an equitable lien.[3]

Appellee does not challenge the trial court's ruling that he is not entitled to an attorney's charging lien. Therefore, we need not address it.

We reverse that part of the trial court's order granting appellee an equitable lien.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

[3] While not relevant to our holding, we note that the trial court's reliance on *Berke* was improper. The trial court reasoned that "*Burke* [sic] involved [an] equitable lien[] asserted by attorneys against other unaffiliated attorneys who they had hired to work on a specific case." However, *Berke* was not an equitable lien case; it was a contract case. In *Berke*, the plaintiff referred the defendant to a client, and the defendant promised the plaintiff 20% of whatever the defendant was paid. *Berke*, 280 Mich at 635. However, the parties never entered into a written agreement because "[the] defendant informed [the] plaintiff not to worry about an unsigned contract, as he (plaintiff) would receive his compensation." *Id*. at 636. However, the defendant refused to pay the plaintiff 20% of what he earned, and the plaintiff sued the defendant for breach of contract. *Id*. The case was submitted to a jury and "result[ed] in a verdict for [the] plaintiff in the full amount of his claim." *Id*. On appeal, the defendant argued "that [the] plaintiff failed to prove a contract supported by a valid and valuable consideration." *Id*. Our Supreme Court rejected the defendant's argument, concluding that the trial court properly submitted to the jury the question of whether there was a contract between the parties. *Id*. at 637. The *Berke* Court reasoned that there was a valid contract because the parties were the equivalent of "joint adventurers," and they operated with the understanding that the plaintiff would only receive payment if the defendant was successful. *Id*. Thus, *Berke* provides no support for the trial court's conclusion that an equitable lien was authorized in this case.

We also note that, while *Barnes* is factually analogous to this case, our decision does not conflict with *Barnes* because that case never addressed whether the claimant had an adequate legal remedy. Moreover, although *Warren Tool*, an opinion from this Court, favorably referenced *Barnes*'s reasoning, the *Warren Tool* Court explicitly acknowledged that federal decisions such as *Barnes* "are not binding on the courts of Michigan on common-law questions." *Warren Tool*, 11 Mich App at 290.