### Christopher C. Bennett, Administrator, &c. v. John Nichols and another.

*Power of equity to create a lien on lands: remedy at law.*—A court of equity can not create a lien on real estate to secure a personal debt not contracted on its credit, and not charged upon it by agreement.

Complainant's intestate had leased premises for the purpose of erecting a steam saw mill thereon, had placed upon them a frame for the building ready for erection, and had contracted and partly paid for an engine for the same. After his death, the land was sold by his lessor, and the purchaser, together with the contractor for the engine, put up the frame, and completed and commenced operating the mill. Complainant, as administrator, filed his bill against them to compel payment of the value of the mill frame, and of the moneys paid towards the engine, and to have the amount declared a lien on the premises. It was held that his claims were not of equitable jurisdiction, and that his remedy was at law.

*What not a final decree.*—An order overruling a demurrer is not a *final* decree from which an appeal can be taken to the Supreme Court.

*What is open to review on appeal from Chancery.*— Where a demurrer interposed to a bill in equity is overruled, and the defendant then answers, and the case is heard on pleadings and proofs, and decree rendered against him, an appeal from the final decree opens for review the decision on the demurrer.

BENNETT. v. NICHOLS.

*Defect of jurisdiction not waived by answer.*—Where a complainant seeks relief of an equitable character on a case where there is also a legal remedy, and the defendant answers without taking this objection, he may be properly subjected to a decree granting the equitable relief prayed, if it is within the equitable powers of the Court. But where the relief sought is in no sense equitable relief, the objection can not be waived, but may be taken at any stage of the cause.

*Heard, October 9th and 10th.    Decided, October 27th.*

Appeal in Chancery from Branch Circuit.

The nature of the bill is sufficiently stated in the opinion. The defendants severally demurred, but their demurrers were overruled; and they then answered, and the case was heard on pleadings and proofs. The Court below made a decree against Nichols, as prayed, but dismissed the bill as to Grove, without costs. Nichols appealed to this Court.

*Gilbert & Thompson,* and *Douglass & Andrews,* for complainant.

*L. D. Dibble,* and *D. D. Hughes,* for defendant Nichols.

*T. M. Cooley,* for defendant Grove.

CAMPBELL J.:

The bill in this cause was filed to obtain payment of the value of a saw mill frame, and of the sum of $1200 which had been paid by complainant's intestate during his life, towards a steam engine and boiler designed to be put by him in a saw mill to be built on premises leased by him. The lease was made to James K. Bennett, "his executors, administrators and assigns forever," reserving no rent, but conditioned to erect and maintain a saw mill.

The material was mostly prepared by the lessee during his life, and the frame was put up immediately after his death. The engine was contracted for by him with defendant Nichols, and his partner, one Shepard, and was deliverable before Bennett's death; and $1200 had been paid thereon,

a balance of about $600 being payable some months afterwards. After Bennett's death, the land was conveyed to Grove by Warner, the lessor, and Grove and Nichols completed the mill, of which Nichols was to and did furnish the engine. It is not entirely clear, nor do we deem it material, whether the engine furnished was the one designed originally for Bennett.

The Court below declared Nichols personally liable for all of complainant's claim, and made a personal decree against him for the amount, and gave a lien on his share of the premises to secure it.

We have not been able to discover upon what principle a court of equity can create a lien on real estate to secure a personal debt, not contracted on its credit, and not charged on it by agreement. There may be cases where, from the nature of the transactions between parties, rights spring up which ought to be held binding on specific property. No case like the one before us has been presented, authorizing such a lien to be declared, and no sound reason has been suggested requiring or permitting it.

We are inclined to think, on the facts as they now appear in proof, that the right existed in the representatives of James K. Bennett to remove the mill frame after his death. Such erections are not so attached to the freehold as to exempt them from the immunity of trade fixtures. And, except to a small amount, the material had not been put up before his death, and so remained entirely in the shape of movable chattels, to which his title was clear. We have no doubt a right of action existed for the conversion of this property, against the wrongful appropriator.

We are also of opinion that a right of action existed against Nichols and Shepard, for any breach of their contract to complete and deliver the engine and boiler.

But these claims, as set up in the bill, and as proved, have no equitable nature. They are proper foundations for suits at law, and for nothing else. The remedy sought

in the bill is a legal remedy, and one which, unconnected as it is with any peculiarly equitable features, is beyond the jurisdiction of a court of equity.

It is claimed, however, that the defendants have, by answering on the merits without raising this objection, waived the right to take it. The objection was taken by demurrer, and the demurrer was overruled. An order overruling a demurrer is not a decree, and is not in any sense final; the practice requiring that the defendant answer over. No appeal can be taken from such an order, and the appeal from the final decree opens for review all the merits of the case.

But we think the complainant has also misapprehended the nature of the objection to his bill. Where a complainant seeks relief of an equitable character, on a case where there is also an adequate legal remedy, the party waiving this objection may be properly subjected to a decree granting the equitable relief prayed, if it is within the equitable powers of the Court. The relief sought here is in no sense equitable relief. A bill to collect a promissory note would be precisely like it in principle. Such a jurisdiction should be rejected by the Court itself as not within its legitimate province.

The decree must be reversed, and the bill dismissed, with costs in both Courts, but without prejudice to any legal redress.

The other Justices concurred.