JOHN F. BAUGH AND OTHERS, MINORS, BY MARGARET MC-
GUIRE, THEIR NEXT FRIEND, V. JOHN B. BAUGH,
MARGARET BAUGH AND ADDIE BAUGH.

*Divorce.*

A judgment cannot be attacked by strangers to the record.

The jurisdiction over divorce is purely statutory.

In Michigan the only parties to a divorce suit are the husband
and wife, and none but the parties can intervene in such a
suit. So *held* where a bill to set aside a divorce was filed by
infant children of the parties, appearing by another stranger
to the record as their next friend.

No court can compel discordant husbands and wives to live to-
gether.

Appeal from Wayne. Submitted June 8. Decided June 12.

BILL TO SET ASIDE A DIVORCE. The bill was filed by
the infant children of the parties divorced, appearing by
their maternal grandmother as their next friend. Their
mother had obtained the divorce for adultery, and the father
had married again, and both parents and the second wife
were made defendants. The first wife made no defense, it
being set forth that by the collusion of the father and the
second wife she had been tricked into obtaining the divorce.
The bill sought to have the divorce set aside and the second
marriage declared void. It was dismissed on demurrer, and
complainants appealed.

*C. J. O'Flynn* (on brief) for complainants. A decree
obtained by fraud or collusion may be impeached even by
strangers to it, if their pre-existing rights are prejudiced
(Freeman on Judgments, §§ 334–5), and equity may relieve
them on an original bill in the nature of a bill of review
(Story's Eq. Pl., § 426). Where a husband divorced for
adultery marries again, his children's estate of inheritance
is prejudiced by the fact of a double right of dower, since
a wife to whom a divorce is granted for her husband's

adultery, is entitled to dower in any land owned by him
at the date of the divorce (Comp. L., § 4756); but
property rights are not the only ones protected by the
courts (Story's Eq. Pl., § 72).   Even where an infant has
no general guardian, a court of chancery will treat him as
its ward and guard his rights and interests in suits relating
to his person or property (2 Story's Eq. Jur., §§ 1352–3).
In every suit for divorce it is the court's duty to protect the
children of the marriage (2 Bish. Mar. & Div., § 231);
why not set aside a fraudulent decree on their prayer?
*Harrison v. Southampton*, 17 Eng. L. & Eq., 364; 21 Id.,
343.   Even though the complainants could not maintain
this suit for want of interest, the court should vacate the
decree on the facts presented; the public have an interest
in marriage and its dissolution (*People v. Dawell*, 25 Mich.,
257; 2 Bish. M. & D., §§ 230–1), and the court, in pro-
tecting the rights of the public, will receive light from any
source. Id., § 236.   If a tribunal has been imposed on, its
decree may be set aside on even a summary proceeding.
*Allen v. Maclellan*, 12 Pa. St., 328; 2 Bish. M. & D.,
§ 753.

*Theodore Romeyn* and *Romeyn & Weir* (on brief) for de-
fendants.     Where a divorce *a vinculo* is granted for suffi-
cient cause in a state where both parties reside, and the
court acquires full jurisdiction over them, the decree cannot
be set aside at a subsequent term on original bill at the suit
of any one.     This rests on a basis of public policy.     The
State is in a certain sense a party to a suit for divorce (*Peo-
ple v. Dawell*, 25 Mich., 257), and while it may punish the
perpetrators of a fraud committed in obtaining it, it has a
higher interest in not allowing the decree to be reviewed,
and the relations of the parties founded on it overthrown.
*Kinnier's case*, 45 N. Y., 535; *Parrish v. Parrish*, 9 Ohio
St., 538; *Greene v. Greene*, 2 Gray, 362; *Lucas v. Lucas*,
3 Gray, 136.     The jurisdiction over divorces rests entirely
upon the statute.     The law of England concerning divorce
is ecclesiastical, and not the common law.   *Burtis v. Burtis*,
Hopkins' Ch. (N. Y.), 557.   Until the Legislature author-

ized the court of chancery to divorce for adultery there was no lawful mode of dissolving marriage except by special act of Legislature; this led to vesting the jurisdiction in a court of equity (2 Kent's Com., 98); but a general grant of equity jurisdiction does not cover divorce proceedings; the federal courts disclaim divorce jurisdiction. *Barber v. Barber*, 21 How., 584. There must be a legislative enactment to declare the jurisdiction before any tribunal can enforce it, and if a particular tribunal is authorized to, it must administer the remedy in a manner prescribed by law (*Perry v. Perry*, 2 Paige, 501; Willard's Eq. Jur., 655); courts of equity have no power to enforce any vague equities involving no rights or interests protected by the recognized rules of justice (*Hendricks v. Poole*, 29 Mich., 341); their jurisdiction to interfere after judgment or decree is only exercised in behalf of a party defrauded, or one in legal privity with him (Story's Eq. Jur., § 1571; *Millar v. Morse*, 23 Mich., 368), *i. e.*, in privity in estate. Freeman on Judgments, §§ 162, 168.

CAMPBELL, J. A bill was filed by four infants of tender years by a next friend, to vacate a divorce granted to their mother, Margaret Baugh, against their father, John B. Baugh, and bringing in as co-defendants their father and mother and their father's second wife. The ground of interference is alleged collusion between their father and mother. The bill is not sworn to. A demurrer was put in by the defendants John and Addie Baugh and the bill was dismissed. An appeal is brought to this court.

The jurisdiction over divorce is purely statutory, and the legislative authority has not seen fit to allow any but the parties to intervene in such suits. The husband and wife are the only persons recognized as parties.

It is true that the interests of children are in some important respects more nearly affected by such proceedings than by those which merely concern rights of property. So far as maintenance is concerned it is certainly never permissible for children, whether infants or adults, to interfere with their parents in the use or disposal of their property;

and considerations of that sort do not add any force to the other allegations. Their personal custody has been made dependent on the will of their parents subject to some oversight by the courts upon proper occasion. But no court in this country has any power to compel discordant husbands and wives to live together, and we do not perceive that any legal rights of these infants have been invaded, however much they may have been affected otherwise.

It is for the Legislature to determine to what extent public policy requires the power of intervention to be vested in any but the parties to divorce suits. There are certainly some reasons why it might be wise to have children represented, but whether their ultimate prosperity would be furthered by permitting strangers to intervene in their behalf between parents, is a question which would probably be considered very carefully before any action is taken to permit it. In the mean time the courts have no right to sanction any such intervention. It is expected of all divorce courts that they will be vigilant in examining the circumstances of all cases before them, and not allow any decree without a full scrutiny. The means furnished for this purpose are adequate for most cases. In the best circumstances justice will sometimes miscarry, but this is not peculiar to divorce cases, and it will not do to resort to unauthorized measures to redress legal misfortunes or wrongs. It would not be desirable, in order to get rid of some unjust judgments, to destroy the force of judgments generally, and allow them to be attacked by third parties where the legal rules which have been established to determine their effect have not permitted it. Where the judgment is only voidable and not void, it cannot be attacked by strangers to the record. And where it is absolutely void it needs no proceedings to set it aside. In either case such a bill is inadmissible.

We are constrained to say further that the bill before us, which is filed on behalf of very young infants by a person who seems to be a mere volunteer and does not make oath even on information and belief to the facts, and which upon the most vital facts of fraud is not put in issuable shape, and suppresses the names of the actors, is not such

a pleading as is usually required where an attempt is made to disturb a judgment.

It is not at all likely that any action which may be had in the direction of having infants represented will allow any one who chooses to assume to manage their interests.

The decree must be affirmed, with costs.

The other Justices concurred.