### PRZEKLAS *v.* PRZEKLAS.

1. DIVORCE—STATUTORY PROCEEDINGS EXCLUDING THIRD PERSONS UNLESS CONSPIRACY TO DEFRAUD WIFE ALLEGED.

    Divorce suits are special statutory proceedings limited to litigating domestic relations between husband and wife to the exclusion of third parties, unless it is alleged that they have conspired with the husband to transfer property subject to wife's claim for alimony with intent to defraud her.

2. SAME—CROSS-BILL BRINGING IN THIRD PARTY PROPERLY DISMISSED IN ABSENCE OF ALLEGATIONS OF CONSPIRACY TO DEFRAUD WIFE.

    A cross-bill filed by defendant wife in divorce proceedings, bringing in as cross-defendant a woman to whom it is

---

alleged the husband had given money belonging jointly to husband and wife, *held*, properly dismissed, in the absence of allegations of conspiracy between the husband and cross-defendant to defraud the wife out of her interest in property held by reason of her marital rights, but without prejudice to any other appropriate proceeding.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 7, 1927. (Docket No. 54.) Decided October 3, 1927.

Bill by Joseph Przeklas against Mary Przeklas for a divorce. Defendant filed a cross-bill for a divorce and also impleaded Mary Walkiewicz as a cross-defendant for an accounting. From a decree granting defendant a divorce with alimony and custody of the minor children on her cross-bill, but dismissing it as to cross-defendant Walkiewicz, defendant appeals. Affirmed.

*John J. Adamski* (*Peter P. Boyle,* of counsel), for appellant.

*Stan. C. & Chester Pietraszewski,* for defendant Walkiewicz.

STEERE, J. This is a suit for divorce on the ground of extreme cruelty. Plaintiff's wife, Mary Przeklas, hereafter called appellant, answered, denying all acts of cruelty, with a cross-bill charging plaintiff with repeated and extreme cruelty, infidelity and nonsupport, asking for divorce, alimony, custody of minor children and general relief, bringing in Mary Walkiewicz, hereafter called Mary, as cross-defendant in her cross-bill, claiming that plaintiff had given certain moneys, drawn by him from his and appellant's joint bank account, to said Mary because of his alleged infatuation with her, asking also an injunction to restrain Mary from disposing of certain personal property and real estate claimed to have been purchased, in part at least, with

money given her by plaintiff, which moneys appellant claimed were the "joint savings" of plaintiff and herself.   In her answer Mary denied the averments of the cross-bill, while plaintiff in his answer admitted he furnished her the money as charged, but alleged it was but a loan in a business transaction.    The case was heard on pleadings and proofs taken in open court. A decree of divorce on the grounds charged, with custody of their minor children and alimony, was granted to appellant as prayed for.    The court also found that Mary received from plaintiff the sum of $3,011 of moneys belonging to plaintiff and appellant in which the latter owned a one-half interest.    Mary was ordered by the decree to pay $1,505, with interest, to appellant, and in default thereof the decree might be recorded "as a lien" on the realty found to have been purchased in part with the money given by plaintiff to Mary.    A motion was later made in behalf of Mary asking that the decree be vacated or modified as to her, which was granted; the court holding that the "portion of the decree attacked is beyond the power of a court of chancery sitting in a divorce case," and modified the decree by vacating the portion against Mary, in effect dismissing appellant's cross-bill as to her.    Appellant asks review and reversal of that portion of the decree.    Plaintiff has not appealed and the decree of divorce between him and his wife stands as a finality undisturbed as to all its provisions.

Appellant's cross-bill contains no allegations of a conspiracy between her husband and cross-defendant Mary to defraud appellant out of her interest in property held by reason of her marital rights.

This is a strikingly unwholesome case.    None of the parties to it come with clean hands.    Its tone and odor are well suggested by the trial court, grown weary from listening to their "squabbling over the profits of an illicit business," as follows:

"This has been a very distasteful case to try. It started as a divorce suit between Joe Przeklas against Mary Przeklas, his wife. It has developed into a scandalous recital of the activities of the various parties in the manufacture of moonshine whisky and the sale of the same. It is difficult to conceive of the mental attitude of these parties who come into court and openly flaunt their law violations."

However infatuated plaintiff may at one time have been with Mary, he had evidently fully recovered from it at the time of the hearing, for there is a sharp and hostile dispute between them as to their relations with each other. Their testimony makes a sorry portion of the record that had best not be detailed. Appellant's mental attitude is, as said by the trial court, "difficult to conceive;" while in reckless conflict, its moral tone harmonizes with that of the other parties to this litigation and is such in many respects as to tax credulity.

This is a case where a court of conscience might well leave the parties in the unconscionable tangle where it finds them, but beyond that the trial court correctly concluded that divorce suits are special statutory proceedings, limited to litigating domestic relations between husband and wife, to the exclusion of third parties, who can only be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to plaintiff's claim for alimony with intent to defraud her. Here appellant is seeking in a divorce case to recover from a third party her own money which she claims her husband secured and squandered on the third party, a matter outside the jurisdiction of the court in a suit between husband and wife for divorce. *Vide, Baugh* v. *Baugh,* 37 Mich. 59 (26 Am. Rep. 495) ; *Peck* v. *Peck,* 66 Mich. 586; *Maslen* v. *Anderson,* 163 Mich. 477; *Uhl* v. *Uhl,* 52 Cal. 250; *Van Duzer* v. *Van Duzer,* 6 Paige Ch. (N. Y.) 366 (31 Am. Dec. 257).

The decree is affirmed, but without prejudice to any appropriate proceeding between appellant and defendant Mary Walkiewicz, who is entitled to and awarded costs herein.

SHARPE, C. J., and SNOW, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.    BIRD, J., did not sit.