## GERVAIS *v.* ANNAPOLIS HOMES, INC.

1. FRAUD—CLASS ACTION—COMPLAINT—TAXATION—UTILITIES.

   Complaint in class action by purchasers of homes built and sold by defendants *held*, to provide information necessary as to nature of controversy and claims of plaintiffs, where it alleged plaintiffs bought the houses in reliance on defendants' fraudulent representations that taxes and tax valuations were considerably lower than they were actually assessed and on the false representation that all utilities, including sewer and water connections were installed on each lot, and that each purchaser would bear no expense for such utility installations, and claiming each purchaser was entitled to $2,400 damages.

2. PLEADING—JOINDER OF ACTIONS—AMENDMENT.

   Complaint in class action by 65 purchasers of homes from defendants *held*, sufficiently complete to enable lower court to determine that the type of controversy could be joined to better promote the convenient administration of justice although order requiring amendment of the original complaint to set forth the time, place, actor, and vehicle of the 2 misrepresentations as to taxes and utilities made to each plaintiff was proper the more adequately to advise defendants in preparing for trial and to advise the trial court as to whether the actions should or should not be tried together (GCR 1963, 206).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur, Fraud and Deceit §§ 242-244, 246; 39 Am Jur, Parties §§ 50, 53.
[2] 24 Am Jur, Fraud and Deceit §§ 251, 253; 39 Am Jur, Parties §§ 44, 46, 50, 53.
[3, 4] 39 Am Jur, Parties §§ 26, 29, 46; 1 Am Jur 2d, Actions § 100.
[5, 7] 4 Am Jur 2d, Appeal and Error §§ 91, 102.
[6] 39 Am Jur, Parties §§ 24, 26, 29, 44, 46, 49.
[8] 1 Am Jur 2d, Actions §§ 100, 102, 103.
[9] 5 Am Jur 2d, Appeal and Error § 726.

3. PARTIES—JOINDER—TRIAL.

Permissive joinder of parties under the present court rules is treated as a matter of trial convenience rather than as a matter of pleading in which there had to be a legal similarity in the causes of action joined and relief demanded under the former judicature act (CL 1948, § 608.1; GCR 1963, 206).

4. ACTION—JOINDER—PREJUDICE.

Permissive joinder of actions for the convenient administration of justice is allowed provided no prejudice to any party will result (GCR 1963, 206).

5. APPEAL AND ERROR—QUESTIONS REVIEWABLE—CLASS ACTION—MISJOINDER OF PARTIES—PREJUDICE.

Whether joinder of actions by 65 purchasers of homes from defendants in 1 mass trial in action for damages for fraud would inevitably result in prejudice to defendant vendors is not before Supreme Court on appeal from order denying defendants' motion to dismiss for misjoinder of parties (GCR 1963, 206).

6. PARTIES—JOINDER—PRETRIAL—DISCOVERY.

Final determination of whether convenient administration of justice exists in the joinder of 65 plaintiffs in 1 action against the same defendants, with no prejudice to the latter, should properly be made after pretrial and discovery proceedings are exhausted (GCR 1963, 206).

7. ACTION—JOINDER—DISCRETION OF COURT.

Joinder of actions for the convenient administration of justice will not be denied by the Supreme Court on appeal from order denying motion to dismiss complaint merely because the defendants anticipate the trial court might abuse its discretion at a later stage of the proceedings (GCR 1963, 206, 505).

8. SAME—CONTINUED JOINDER—PREJUDICE—SEPARATE TRIALS—DISCRETION OF COURT.

Separate trials of actions by 65 plaintiff purchasers of homes from defendant builders and vendors may be ordered in the discretion of the court if, after further proceedings before trial, it should appear necessary to prevent prejudice to any party, and if it should appear that continued joinder would not be in furtherance of the convenient administration of justice (GCR 1963, 505.2).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JOINDER—SPURIOUS
  CLASS ACTION.
    Whether joinder of parties was proper under court rule relative
    to spurious class actions is not determined, where the matter
    was not passed on by the trial court (GCR 1963, 208.1[3]).

Appeal from Wayne; Gilmore (Horace W.), J. Submitted November 4, 1965. (Calendar No. 16, Docket No. 51,163.) Decided May 10, 1966.

Complaint by Emile P. Gervais, Brenda F. Gervais, and others, jointly and as a class action, against Annapolis Homes, Inc., a Michigan corporation, Kaufman and Broad Homes, Inc., a Michigan corporation, and other allied corporations, for damages by reason of fraud and misrepresentation in the sale of numerous houses in a development project. Motion to dismiss denied, and plaintiffs ordered to file amended complaint with more specific allegations. Defendants appeal. Affirmed.

*Friedman, Meyers & Keys* (*Donald E. Barris* and *Eugene Driker,* of counsel), for plaintiffs.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*Richard D. Rohr* and *Michael B. Lewiston,* of counsel), for defendants.

T. M. KAVANAGH, C. J. Defendants appeal, by leave granted, from the lower court's order denying their motion to dismiss plaintiffs' action for misjoinder of parties. The trial court held, under GCR 1963, 206, that joinder would "promote the convenient administration of justice."

The 65 plaintiffs named in the complaint are, with the exception of one instance, husbands and wives who purchased 33 homes built and sold to them by defendants. The complaint alleged misrepresenta-

tions by the defendants and reliance thereon by each of the plaintiffs. The alleged misrepresentations were: (1) that the assessed valuations and real property taxes on the homes were substantially more than the actual amounts represented, and the falsity of the representations was known to the defendants at the time they were made; (2) that all utilities, including sewer and water connections, were installed on each lot and that each purchaser would bear no expense for such installations, although at the time of these alleged misrepresentations defendants had actual knowledge that each purchaser would have to pay a $400 water service fee.

In their amended complaint, plaintiffs allege that with respect to each and every sale of the 403 homes in the project, defendants, or some of them, made such misrepresentations.

Defendants moved to dismiss the complaint and improperly joined parties claiming that: the plaintiffs did not constitute a class with rights enforceable in a class action under GCR 1963, 208, and if they did constitute a class, could not adequately represent other members of the class; the plaintiffs were misjoined, contrary to GCR 1963, 206; and the complaint failed to meet the requirements of GCR 1963, 112.2, which requires the circumstances alleged to constitute fraud and mistake must be stated with particularity.

The lower court denied the motion to dismiss, relying on GCR 1963, 206.1(2), which permits joinder of parties if it will "promote the convenient administration of justice." The trial court, however, ordered plaintiffs to amend their complaint in order to set forth the specific time and place of the misrepresentations, along with persons making the misrepresentations and the nature thereof.

Defendants objected to the order permitting plaintiffs to amend their complaint, claiming that if the original complaint was so insufficient that amendment was necessary, then the lower court lacked the information necessary to conclude that joinder would "promote the convenient administration of justice."

An examination of the original complaint shows it did provide the information necessary as to the nature of the controversy and the claims of plaintiffs. It alleged that the defendants built and sold houses to the plaintiffs. Plaintiffs bought the houses relying on the defendants' fraudulent representations that the taxes and tax valuations were considerably lower than they were actually assessed. The original complaint alleged that the plaintiffs bought the houses relying on the fraudulent representations that all utilities, including sewer and water connections, were installed on each lot, and that each purchaser would bear no expense for such utility installations. Plaintiffs sought to have the purchaser of each home awarded $2,400 in damages.

The nature of the complaint was well set forth in the original pleadings. At least it was sufficiently complete so that the lower court could determine that this type of controversy could be joined to better promote the convenient administration of justice. The order requiring the amendment of the original complaint to set forth the time, place, actor, and vehicle of the two misrepresentations made to each plaintiff was a proper order so as to more adequately advise the defendants so that they might prepare for trial and also to advise the trial court as to whether the cases should or should not be tried together.

Defendants-appellants rely upon the case law which developed under CL 1948, § 608.1 (Stat Ann

§ 27.591), which was the joinder rule under the former Michigan judicature act.

However, unlike the former Michigan practice which treated permissive joinder of parties as a matter of pleading in which there had to be a legal similarity in the causes of action joined and relief demanded, the new General Court Rules of 1963 treat permissive joinder as a matter of trial convenience. See Committee Comment, 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 577. Thus, permissive joinder of parties is even more liberal under the Michigan rule than under the Federal rule.

GCR 1963, 206.1, as to permissive joinder of parties, reads in part as follows:

"All persons may join in one action as plaintiffs

"(1) if they assert any right to relief jointly, severally, or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action; or

"(2) if it appears that their presence in the action will promote the convenient administration of justice."

Despite the language of GCR 1963, 206.1(2), defendants contend that the lower court has erroneously applied the "convenient administration of justice" test. The rule is that such permissive joinder is allowed provided no prejudice to any party will result. See Committee Comment, 1 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 577.

Defendants-appellants have tried to show that prejudice will result from what they conclude will be the confusion which would inevitably occur in a mass trial of the instant case. This question we do not as yet have before us.

The final determination of whether convenient administration of justice exists, with no resulting prejudice, should properly be made after pretrial and discovery proceedings are exhausted. See 2 Honigman and Hawkins, Michigan Court Rules Annotated (2d ed), p 366. At best, it must be said the powers and discretion granted the trial court under GCR 1963, 505 and 206, make defendants' objections in this regard premature. Defendants are asking this Court to deny joinder because the trial court *might* abuse its discretion at a later stage of the proceedings. This we decline to do.

If after further proceedings before trial it should appear necessary to prevent prejudice, or if it should appear that continued joinder would not be in furtherance of the convenient administration of justice, the trial court may, within its sound discretion, order separate trials as permitted in GCR 1963, 505.2. See the majority opinion in *Watts* v. *Smith,* 375 Mich 120, and the concurring opinion of Justice BLACK therein beginning at page 126.

Plaintiffs' contention that, alternatively, joinder is proper under GCR 1963, 208.1(3) (spurious class actions), was not passed upon by the trial court and therefore we do not pass upon the question. If prior to the time of trial this question is properly raised, we assume the trial court will correctly dispose of it.

Affirmed. Plaintiffs shall have costs.

DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.