YEDINAK v. YEDINAK.

1. DIVORCE—DISTRIBUTION OF PROPERTY—DISCRETION.

The division of property in a divorce proceeding is largely a matter of discretion of the trial judge.

2. SAME—DIVISION OF PROPERTY—EQUITABLE LIEN—DISCRETION OF COURT.

Finding of trial judge in action for divorce that there was an indebtedness owing to brothers of defendant husband and imposition of equitable lien against property to secure the indebtedness *held*, a proper exercise of discretion of trial judge.

3. SAME—DIVISION OF PROPERTY—JURISDICTION OF COURT.

Decision of trial court in divorce action as to distribution of property is binding between the litigants provided the decision is within the jurisdictional powers of the trial court.

4. SAME—DISTRIBUTION OF PROPERTY.

Court of Appeals will not interfere with the trial court's distribution of property upon a divorce unless the decision was clearly erroneous or the settlement was inequitable or otherwise unfair.

Appeal from Ottawa, Smith (Raymond L.), J. Submitted Division 3 February 6, 1968, at Grand Rapids. (Docket No. 3,670.) Decided July 23, 1968. Leave to appeal granted November 25, 1968. See 381 Mich 790.

REFERENCES FOR POINTS IN HEADNOTES

[1] 24 Am Jur 2d, Divorce and Separation § 933.
[2] 24 Am Jur 2d, Divorce and Separation § 734.
[3, 4] 24 Am Jur 2d, Divorce and Separation § 925 *et seq.*

Complaint on March 17, 1966, by Mari Joan Yedinak against Philip J. Yedinak, for divorce. Judgment for plaintiff. Plaintiff appeals from property distribution provisions of judgment. Affirmed.

*Robert J. Scheuerle,* for plaintiff.

*Scholten & Fant* (*R. Neal Stanton,* of counsel), for defendant.

J. H. GILLIS, J. This is an appeal from a judgment of divorce which incorporated therein a division of real and personal property. The litigants do not contest the granting of the divorce but the plaintiff-wife objects to the division of the real property and the imposition of a lien on it. Defendant-husband claimed at trial that there were two unsatisfied debts owing to George Yedinak and William Yedinak, his brothers, for labor, material, and services they rendered in construction of the home on the property in question. The wife denied the existence of the indebtedness.

The trial court found that there was an indebtedness owing to George Yedinak and William Yedinak in the amounts of $1,600 and $2,500, respectively, and imposed an equitable lien against the property to secure the above amounts. At the time of trial the real property, which the litigants agreed was valued at $12,000, was held by the entireties. The court awarded undivided one-half interests in the property to the husband and wife as tenants in common. Plaintiff-wife was awarded possession of the premises until such time as the youngest child reached the age of 18 years or upon plaintiff's remarriage.

On sale of the property the court ordered the proceeds to be applied first to taxes and expenses

of sale and then to satisfy the debts owing to William Yedinak and George Yedinak. Recordation of the judgment was to serve in lieu of a deed of the undivided halves and as perfection of the two liens.

The wife's claims on appeal go to both the procedure and substance of the proceedings below. She contends that the trial judge was without jurisdiction to entertain such claims as those asserted by defendant's brothers and further that the court erred in making his findings of the existence of the indebtedness to defendant's brothers and the division of the property.

We are cited no authority which prohibits the trial judge in a divorce action from making a determination pertaining to the existence of debts chargeable against property owned by the litigants. Distribution of property pursuant to a divorce proceeding is largely a matter of discretion with the trial judge. *Dral* v. *Dral* (1967), 8 Mich App 663. In order to exercise this discretion it would only seem logical that the trial judge must determine the existence and amount of any indebtedness which led to the enhanced value of the subject property. The decision of the trial court is binding between the litigants provided such decision is within the jurisdictional powers of the trial court.

As to the factual findings, we are not persuaded that the decision was clearly erroneous or that the settlement here complained of was inequitable or otherwise unfair. Within these confines the distribution is a matter for the trial judge with which we do not interfere. *Dral* v. *Dral, supra; Hallett* v. *Hallett* (1937), 279 Mich 246.

Affirmed. Costs to appellee.

Fitzgerald, P. J., and Bowles, J., concurred.