YEDINAK *v.* YEDINAK.

OPINION OF THE COURT.

1. DIVORCE—COURTS—CHANCERY—JURISDICTION—STATUTES.
   The jurisdiction of circuit courts in chancery in this state, in divorce proceedings, is purely statutory.

2. DIVORCE—COURTS—JURISDICTION—PARTIES—STATUTES.
   A divorce judgment is permitted by the controlling statutes only to determine the rights and obligations between the husband and wife, to the exclusion of third parties, who can only be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to the wife's claim for alimony with intent to defraud her.

3. DIVORCE—COURTS—JURISDICTION—PARTIES—COURT RULES.
   The General Court Rules of 1963 do not grant the power to courts of equity to litigate the rights of others than the husband and wife in divorce proceedings (GCR 1963, 205, 206, 721).

4. DIVORCE—CREDITORS—LIEN—COURT RULES.
   Imposition of a lien in favor of a general creditor on property of husband or wife or both in a divorce action would confer on the general creditor a right not previously existing, a result not foreseen at the time of adoption of the General Court Rules of 1963.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 11]  24 Am Jur 2d, Divorce and Separation § 241.
[2]  24 Am Jur 2d, Divorce and Separation §§ 727, 728.
[3, 6, 8, 10]  24 Am Jur 2d, Divorce and Separation §§ 937, 943, 946.
[4]  24 Am Jur 2d, Divorce and Separation §§ 942, 946.
[5]  33 Am Jur, Liens §§ 18–23.
[7, 9, 12]  24 Am Jur 2d, Divorce and Separation §§ 280, 937, 938, 942.
[8]  24 Am Jur 2d, Divorce and Separation §§ 937, 942.

5. EQUITY—LIEN—REMEDY AT LAW.

An equitable lien upon real estate cannot arise by implication and a party having an adequate remedy at law is not entitled to an equitable lien.

6. DIVORCE—PARTIES—JURISDICTION—CONSENT.

Parties cannot confer, by consent, jurisdiction over a subject matter which has been withheld from a tribunal by law; hence counsel for the parties to a divorce action cannot permit the subject of rights of defendant's creditors to be determined in the divorce action by statements made in court during trial and questions put to witnesses.

7. DIVORCE—PARTIES—JOINDER.

Joinder of parties in an action is appropriate in situations in which their rights and obligations arise out of the same contract, transaction, occurrence, or like circumstances, and any question of law or fact is common to the claims of them all; therefore joinder of brothers of defendant in a divorce action to adjudicate their claims arising out of an oral agreement by defendant to pay them for work performed on the house of plaintiff and defendant is improper.

SEPARATE OPINION.
T. E. BRENNAN, C. J., and ADAMS, J.

8. DIVORCE—COURTS—PARTIES—ADJUDICATION—INTERVENTION.

*Trial courts may not adjudicate in a divorce action the rights of persons not parties to that action, and where two brothers of defendant to a divorce action asserted claims in that divorce action for money loaned and services rendered to defendant without being made parties by intervention or interpleader, the trial court was in no position to adjudicate the claims of the brothers or to circumvent the possible defenses of plaintiff to the claims.*

9. DIVORCE — COURTS — JURISDICTION — LEGISLATURE — INTERVENTION — STATUTES — EQUITY.

*Circuit court jurisdiction over divorce proceedings is purely statutory and it is for the legislature, not the courts, to determine to what extent persons other than husband and wife may intervene in divorce proceedings, but exceptions to this rule have been recognized by the Supreme Court where conspiracy to defraud one of the parties to the divorce action is shown or where it appears to the Court that the public good so requires; hence, the statement that the jurisdiction of the*

court in divorce proceedings is strictly statutory is not en-
tirely correct, nor is it clear why a court should not exercise
its customary equity powers in divorce actions as long as in
so doing there is no conflict with statutory provisions per-
taining to divorce.

10. DIVORCE—CLAIMS OF THIRD PARTIES—JUDGMENT—REMAND—
PROPERTY SETTLEMENT.

Divorce judgment provisions that brothers of defendant in
divorce proceedings were entitled to payment of claims for
money loaned and services performed to assist defendant to
build a house upon sale of that real estate should be stricken
from property settlement portion of judgment where claimants
were not parties and had not intervened in the divorce pro-
ceeding and were not properly before the court, and case
should be remanded for redetermination of property settle-
ment in accordance with court rules as between the present
parties or as between them and claimant brothers in the
event they are properly joined as parties (GCR 1963, 205,
206, 721).

SEPARATE OPINION.
BLACK, J.

11. DIVORCE—COURTS—EQUITY—STATUTES—COURT RULES.

There is no good reason why circuit courts should not exercise
their general equity powers in divorce actions, so long as
they do not disregard statutory provisions pertaining to
divorce, since the adoption of the Revised Judicature Act
of 1961 and the General Court Rules of 1963.

12. DIVORCE—PARTIES—PROPERTY SETTLEMENT—CREDITORS.

Brothers of defendant in a divorce action, claiming as creditors
of defendant for work performed on the house of husband
and wife, should be joined as necessary parties in the action,
and the property settlement provision of the judgment should
be framed to bind them as well as the husband and wife.

Appeal from Court of Appeals, Division 3, John
W. Fitzgerald, P. J., and J. H. Gillis and Bowles,
JJ., affirming Ottawa, Smith (Raymond L.), J. Sub-
mitted October 9, 1969. (Calendar No. 12, Docket
No. 52,151.) Decided April 13, 1970.

12 Mich App 387, reversed.

Complaint by Mari Joan Yedinak against Philip
J. Yedinak for divorce. Judgment for plaintiff.
Plaintiff appealed to Court of Appeals from prop-
erty distribution provisions of judgment. Affirmed.
Plaintiff appeals. Reversed and remanded.

*Robert J. Scheuerle,* for plaintiff.

*Scholten & Fant* (*R. Neal Stanton,* of counsel), for
defendant.

DETHMERS, J. (*for reversal*). I cannot sign the
opinions of my esteemed brothers BLACK and ADAMS
written in this case. I agree with them that the
Court of Appeals and circuit court need some re-
versing insofar as some provisions of the judgment
of divorce relating to property settlement are con-
cerned. I do not agree to remand for determination
of rights of defendant's brothers in property of
plaintiff wife and defendant husband. I would affirm
property settlement provisions of the judgment of
divorce as entered by the circuit court, affirmed by
the Court of Appeals and set forth in substance in
Mr. Justice ADAMS' opinion, insofar as division be-
tween plaintiff and defendant is concerned, but de-
lete therefrom paragraphs numbered (3) and (4)
which make the money awards to defendant's broth-
ers, for which, Justice ADAMS writes, the court de-
termined that the brothers were entitled to liens on
the parties' property.

I do not agree with Mr. Justice BLACK's apparent
disapproval of making what he terms the "rehash of
former decisions" which is contained in Mr. Justice
ADAMS' opinion. I deem it an excellent compilation
of the Michigan decisions and law, until now at
least, to the effect that "the jurisdiction of the circuit
courts in chancery in this state, in divorce proceed-

ings, is strictly statutory." It was uniformly held in that long line of cases that divorce decrees were permitted by the controlling statutes only to determine the rights and obligations between the husband and wife, to the exclusion of third parties, who only can be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to the wife's claim for alimony with intent to defraud her. The statutes pertaining to divorce proceedings permitted no more, this Court constantly said so, and thus declined to permit it. This reasoning and these authorities, statutory and decisional, were considered controlling to that end by this Court in the past and still are by me.

One of the cases in the above mentioned line of authorities is *Byrne* v. *Byrne* (1946), 315 Mich. 441. In his opinion in the instant case Justice ADAMS writes that *Byrne* "is controlling here." I agree. It seems to me, however, that he has not followed it in his concluding paragraph insofar as he provides for remand and redetermination of property settlement rights to include those of the brothers if they are joined as parties.

Both Justices BLACK and ADAMS have written that there is no good reason why our circuit courts should not exercise their general equity powers in divorce actions so long as, in so doing, they do not disregard statutory provisions pertaining to divorce. This seems to me to be begging the question. As held in the cases cited in Mr. Justice ADAMS' opinion, what is sought to be done here is not permitted by those statutory provisions and, hence, is done in disregard thereof.

Now it is said by my brothers that the law and rule as enunciated in the above-mentioned long line of Michigan decisions that the jurisdiction of a court in a divorce action is strictly statutory, is no longer

correct. It is suggested that that rule has been abrogated by this Court's adoption, under its constitutional rule-making powers, of GCR 1963, 205, and possibly 206, pertaining to permissive or necessary joinder of parties in certain circumstances, or Rule 721 having to do with procedures. We are then invited to examine in this connection *Gervais* v. *Annapolis Homes, Inc.* (1966), 377 Mich 674. That was an interesting *law* action involving permissive joinder of parties plaintiff against common defendants on claims arising under like circumstances. It has nothing to do with the power of a chancery court in divorce proceedings. It is not authority for what the circuit court did here for defendant's brothers.

There are two kinds of jurisdiction, that is to say, jurisdiction of parties and jurisdiction of subject matter. The most that can be said of the mentioned court rules is that, if they pertain at all to jurisdiction, it is to the former and not the latter kind. One must read these rules in vain to find therein any mention of or grant to courts of equity, in divorce proceedings, of power to disregard statutory provisions pertaining to divorce and to litigate the rights of others than the husband and wife.

And then Justice ADAMS speaks of the trial court's imposition upon the property of the parties of liens in favor of defendant's brothers to insure collection of the money judgments awarded to them. Oh, happy day for creditors, when a debtor owing to them sues or is sued for divorce by his or her spouse for this would then give rise to a new-found right not previously existing for general creditors, namely, to have a lien on the property of the husband or wife or both! A wonder is thus created by the mentioned court rules which scarcely could have been foreseen at the time of their adoption. If defendant's brothers have rights arising out of an alleged

oral agreement by him to pay them, they have an adequate remedy at law to secure a judgment against him.   In *Ashbaugh* v. *Sinclair* (1942), 300 Mich 673, this Court held that the power to impress an equitable lien upon real estate cannot arise by implication and that a party having an adequate remedy at law is not entitled to an equitable lien.

It is said that while the pleadings make no mention of the alleged rights of defendant's brothers, counsel for the parties, by statements made in court during trial and questions put to witnesses, permitted the subject to become one for the court's determination.   In *Maslen* v. *Anderson* (1910), 163 Mich 477, it was said and held that parties cannot confer jurisdiction over a subject matter, by consent, upon a tribunal from which the law has withheld it.

Justice ADAMS quotes from 102 ALR 814 and 24 Am Jur 2d, Divorce and Separation, § 278, p 431, to the effect that in some jurisdictions other than Michigan it is held that third persons having or claiming to have an interest in property involved in a divorce action are proper parties to such action.   The instant case is not such an action.   The most claimed by defendant for his brothers is that he owes them money based on an oral promise of his to pay them, but no claim is made by anyone that they have an interest in the property involved in this action.

What this court has all along held is that it is beyond the power of a court of equity in divorce proceedings to grant a judgment to others than the husband and wife because such proceedings are strictly statutory and the statutes governing divorce do not provide for it.   I am not willing to agree that that is no longer correct on the theory that this Court, through the device of rule adoption, has properly engaged in the legislative function of amending the statutes so that in these strictly statutory pro-

ceedings the court in equity may now do what it previously could not do under the old statutes as they existed before this Court amended them.

It will be observed, generally, that joinder of parties is appropriate in situations in which their respective rights and obligations arise out of the same contract, transaction, occurrence or like circumstances, and any question of law or fact is common to the claims of them all. (See mentioned rules and annotations.) Here the alleged rights, if any, of defendant's brothers arise out of an oral agreement by defendant to pay them. The rights and duties of plaintiff and defendant with respect to each other, which are the proper subjects for consideration and determination by the court, under the statutes, in divorce proceedings spring from the marriage covenants and relationship in and to which defendant's brothers had no part whatsoever. Hence, for this reason also, joinder of them in this cause is unthinkable.

Reversed and remanded to the circuit court for entry of a judgment of divorce consistent with this opinion. Costs to plaintiff.

KELLY, T. M. KAVANAGH, and T. G. KAVANAGH, JJ., concurred with DETHMERS, J.

ADAMS, J. (*for reversal*).

I

Plaintiff sued for divorce. The parties were married May 12, 1956. Defendant then was the sole owner of a parcel of real estate. After the marriage, the property was placed in the names of the parties as tenants by the entireties. They resided in a mobile home on the premises. Four thousand dollars

was borrowed for the purchase of a pre-cut house. Plaintiff contributed $300 and defendant $2,500.

Labor for constructing the home was provided by defendant, his brothers, and friends. Defendant contended he borrowed $2,500 from his brother, William Yedinak, in May 1956, after marriage to plaintiff. Plaintiff asserted no knowledge of such a loan. Defendant and William Yedinak admitted there was only an oral agreement for repayment at some future date. No payments were made and no demand was made for repayment before institution of the divorce action. Plaintiff contended she first learned of the claimed debt in 1966, two months prior to trial. Defendant and William Yedinak contended she knew of the debt from about the time the $2,500 was borrowed.

The trial court found that William Yedinak was entitled to a lien on the real estate for $2,500 and that such lien should be paid upon ultimate sale of it.

George Yedinak, another brother of defendant, performed much of the labor on the house. He acted as foreman. He put in footings, laid basement blocks, installed the furnace, wiring, plumbing, and helped frame the house. Defendant contended that he agreed to pay George Yedinak a "reasonable amount of money" for his efforts. Plaintiff contended she had no knowledge of such an agreement. The agreement was oral. George Yedinak testified he never made demand for payment until two months prior to trial. No payments were ever made. He submitted a claim for $1,610. There was no evidence that any of the others who worked on the project made claims or were paid for their labor.

The trial court determined that George Yedinak was entitled to a lien on the property for $1,600 and that such lien should be satisfied upon sale of the real estate.

The court awarded the real estate to the parties, in undivided one-half interests, as tenants in common, with the further provision that it be sold upon the youngest child reaching the age of 18 or upon plaintiff's remarriage. The awards to the brothers were to be paid from the proceeds of the sale. Plaintiff appealed to the Court of Appeals and that Court affirmed the trial judge (12 Mich App 387). We granted leave (381 Mich 790).

Neither the complaint, answer, pretrial statement, or any other pleading, contains any mention of a claim that the husband's brothers were asserting liens upon the property, nor is there any mention of any indebtedness to the husband's brothers. From a statement made by the wife's counsel at the beginning of the trial, apparently counsel had been informed of these claims prior to trial. As far as the record shows, the first time the claims were asserted in the divorce proceedings was at trial.

*Byrne* v. *Byrne* (1946), 315 Mich 441, was an action for separate maintenance on the ground of extreme and repeated cruelty, later amended to bill for divorce from bed and board. Defendant filed a cross-bill for divorce on the ground of extreme and repeated cruelty. Plaintiff was granted an absolute divorce. Defendant appealed. Upon appeal, it was contended that the trial court erred in adjudicating the liability of defendant to a Dr. Dursum arising out of a joint venture. Dr. Dursum had advanced money to defendant from time to time and, to do so, had borrowed at a bank in Belding, Michigan. At the time of trial, there was due to the bank from Dr. Dursum approximately $1,620. The record on appeal did not establish any legal liability on the part of plaintiff in connection with this obligation. The trial judge awarded plaintiff all of the real estate and personalty with the exception of a truck

which was given to defendant. It was ordered, however, that within 30 days after the decree became final, plaintiff should pay to the Belding bank the sum of $1,620 remaining due on the note of Dr. Dursum.

This Court said (p 447) :

"On behalf of appellant it is insisted that the trial court should not have attempted to adjudicate the question as to the liability of defendant to Dr. Dursum arising out of their joint venture. This claim is meritorious. *Whether defendant is indebted to Dr. Dursum and, if so, the amount of such indebtedness, are matters to be determined between them.* Testifying as a witness in plaintiff's behalf, Dr. Dursum said 'As far as I am concerned there is nothing for Byrne to pay unless he wants to pay.' While this statement may be regarded as somewhat ambiguous, nevertheless, it tends to lend support to defendant's claim that the matter is not one that should be adjudicated in this proceeding. The decree will be modified by striking out the provision requiring plaintiff to make payment of $1,620 to the Belding bank." (Emphasis added.)

*Byrne* was decided by a unanimous court of seven participating justices and is controlling here. In this case, as in *Byrne,* the trial judge attempted to adjudicate the rights of persons who were not parties to the divorce action. Neither of defendant's brothers was in court as a party by intervention or impleader, or any other proceeding. The court was in no position to adjudicate the claims of nonparties or to circumvent the possible defenses of plaintiff to such claims, such as the provisions of CL 1948, § 557.53 and § 557.54 (Stat Ann 1957 Rev §§ 26.183, 26.184), or the statute of limitations. The case is remanded for further proceedings.

## II

For the guidance of the trial judge upon remand, it is necessary to decide whether the jurisdiction of a court in a divorce action is strictly limited by the divorce statutes with only the husband and wife as parties or may the court exercise general powers as a chancery court. In *Perkins* v. *Perkins* (1867), 16 Mich 162, this Court said (p 167):

"But chancery courts have no inherent power to declare liens against real estate to secure debts which may be established against the person: *Bennett* v. *Nichols* (1863), 12 Mich 22. And they have no inherent power as courts of equity to decree permanent alimony at all: *Peltier* v. *Peltier,* Harr Ch (Mich) 19. The power is a statutory power, incident to the jurisdiction over applications for divorce. The statute prescribes the entire powers and regulations on the subject."

In *Baugh* v. *Baugh* (1877), 37 Mich 59, this Court said (pp 61, 62):

"The jurisdiction over divorce is purely statutory, and the legislative authority has not seen fit to allow any but the parties to intervene in such suits. The husband and wife are the only persons recognized as parties.    *    *    *

"It is for the legislature to determine to what extent public policy requires the power of intervention to be vested in any but the parties to divorce suits. There are certainly some reasons why it might be wise to have children represented, but whether their ultimate prosperity would be furthered by permitting strangers to intervene in their behalf between parents, is a question which would probably be considered very carefully before any action is taken to permit it. In the meantime the courts have no right to sanction any such intervention."

In *Maslen* v. *Anderson* (1910), 163 Mich 477,* the trial court attempted to decree contingent payments for the benefit of a third person not a party to the divorce action and payments to each child of the parties upon reaching majority and to create liens to secure such payments. This Court said (p 481):

"The jurisdiction of the circuit courts in chancery, in this State, in divorce proceedings, is strictly statutory. *Perkins* v. *Perkins* (1867), 16 Mich 162; *Baugh* v. *Baugh* (1877), 37 Mich 59 (26 Am Rep 495); *Peck* v. *Peck* (1887), 66 Mich 586; *Peck* v. *Uhl* (1887), 66 Mich 592. Such courts have no inherent power as courts of equity to decree permanent alimony at all. *Perkins* v. *Perkins, supra,* citing *Peltier* v. *Peltier,* Harr Ch (Mich) 19. Our statutes give the court power to grant alimony to the wife for the support of herself and minor children, and to give a lien against the property of the husband to secure the payment of the same; but they do not give the court power to decree the payment of any sum to the children upon their reaching majority, or to create a lien to secure the payment thereof."

In *Judson* v. *Judson* (1912), 171 Mich 185, suit was brought in this state for support based upon a decree of divorce granted by a Minnesota court. This Court said (p 189):

"It is the contention of her counsel that, under the comity of courts and the constitutional provision that full faith and credit shall be given in each State to the public acts, records, and judicial proceedings of every other State, 'she is entitled to have this bill sustained as supplemental to the Minnesota proceedings, just as if the divorce had been granted in this State.'

---

* See *Newton* v. *Security National Bank of Battle Creek* (1949), 324 Mich 344, 352, and *Flynn* v. *Flynn* (1962), 367 Mich 625, 634, for discussion of the holding in *Maslen.*

"It has been repeatedly held that our circuit courts in chancery have no common-law jurisdiction in divorce proceedings, but are limited by the authority conferred by statute."

In *Przeklas* v. *Przeklas* (1927), 240 Mich 209, the defendant wife, by cross-bill, attempted to bring in a third party for an accounting. This Court said (p 212):

"[T]he trial court correctly concluded that divorce suits are special statutory proceedings, limited to litigating domestic relations between husband and wife, to the exclusion of third parties, who can only be brought in as defendants where it is alleged that they have conspired with the husband to transfer property subject to plaintiff's claim for alimony with intent to defraud her. Here appellant is seeking in a divorce case to recover from a third party her own money which she claims her husband secured and squandered on the third party, a matter outside the jurisdiction of the court in a suit between husband and wife for divorce."

In *Rex* v. *Rex* (1951), 331 Mich 399, an action for divorce, this Court said (p 409):

"The decree requires plaintiff to place the capital stock of the 2 corporations which he owns, and from which he derives his income, with a trust company to hold in trust for his 3 sons, 2 of whom are now more than 21 years of age, and the third is now near his majority. The decree is to operate as such a trust instrument if appellant fails to execute the same. The decree also orders appellant to deliver to the trust company 2 life insurance policies amounting to $25,000, to be held in trust for cross-plaintiff and the 3 sons. All of said provisions in the decree requiring the setting up of trusts for appellant's property are illegal and void and must be deleted. The jurisdiction of the court in divorce cases is circumscribed by statute and there is no such authority

vested in the court in granting a divorce as has been thus attempted.

"Jurisdiction in divorce proceedings is strictly statutory. The court cannot decree payment direct to children upon their reaching majority, or even during minority, or create a lien for such payment. We have held that provisions in a divorce decree, even by consent, providing payment of a sum to the wife's mother and sums to the children at majority, are void."

In *Peck* v. *Peck* (1887), 66 Mich 586, this Court for the first time had stated a possible exception to the rule as enunciated in the above cases (p 591):

"The only cases where third persons have been permitted to be made defendants in an action for divorce are those where such persons have conspired with the husband to transfer property subject to complainant's claim for alimony to such persons, with intent to defraud her out of her interest in such property held by reason of her marital rights in the same. *Damon* v. *Damon* (1871), 28 Wis 510; *Van Duzer* v. *Van Duzer* (1837), 6 Paige, 366."

In *Hass* v. *Hass* (1927), 237 Mich 671, a supplemental bill was filed in a divorce action to set aside as fraudulent the transfer of certain property by the defendant husband to his two brothers named as defendants. The brothers appeared and defended at the trial. This Court affirmed the power of the trial court to grant plaintiff relief, saying (p 674):

"All of the parties were before him as litigants; he had jurisdiction of the parties and of the subject matter, and he was of the belief that the assignment was fraudulent and in furtherance of a conspiracy between the three brothers to defraud plaintiff of her rights and interest therein."

In *Newton* v. *Security National Bank of Battle Creek* (1949), 324 Mich 344, a complaint was filed in

chancery challenging property settlement provisions for the benefit of a son which had been incorporated into a divorce decree entered 28 years earlier in an action in which plaintiff was the defendant. This Court stated:

"Plaintiff seems to proceed upon the theory that the trust in this case was the result of the decree of divorce, and that as such it was in excess of the court's statutory powers. The trust was in reality the result of the property settlement between the parties, which they had a right to make, and which the court had a right to confirm. (p 353) * * *

"There might be some merit in plaintiff's suit if it depended solely on the decree. He makes no attempt to excuse his voluntary agreement for the settlement of all his property matters, in the agreement signed by him. He was of full age, and makes no assertion of mental incompetence or duress. He fails to set up any adequate claim of fraud or mistake. The decree as to property matters which he now seeks to repudiate is a consent decree. And if any additional ground were necessary to preclude the plaintiff from now obtaining relief from an equity court, he has not satisfactorily excused his delay of 28 years before invoking the power of equity in his behalf." (p 357)

In *Stephenson* v. *Stephenson* (1952), 334 Mich 528, a divorce action, this Court, while denying plaintiff relief, did consider the merits of her claim against two added parties defendant who were charged along with her defendant husband of conspiring to defraud plaintiff of property rights.

In *Berg* v. *Berg* (1953), 336 Mich 284, a proceeding for a rehearing of a divorce action on the ground that defendant wife, who had been confined as criminally insane, had not been properly represented in the original divorce, this Court said (p 288):

"It is claimed that the petitioner, the sister of the defendant, is not a proper party. It must be conceded that as a general rule (*Baugh* v. *Baugh, supra*) the husband and wife are the only parties to be recognized in a divorce case. There are exceptions. The prosecuting attorney may be required to appear and oppose a decree in any divorce case in which it appears to the court that public good so requires. CL 1948, § 552.45 (Stat Ann § 25.121). The State commissioner of revenue is *ex officio* the public guardian of every patient committed to a State institution, upon whom service of process is required in any proceeding against any patient detained in a State institution. CL 1948, § 330.21b (Stat Ann 1951 Cum Supp § 14.811[1]). Third persons may be made defendants in an action for divorce where it is charged that such persons have conspired with the husband with intent to defraud the wife out of her interest in property. *Peck* v. *Peck* (1887), 66 Mich 586."

Finally, in *Flynn* v. *Flynn* (1962), 367 Mich 625, this Court divided 4–3 on the question as to the authority of a judge in an action for divorce to enter a decree incorporating a property settlement creating a life estate to the parties with remainders over to their children. Justice OTIS M. SMITH, writing for the majority, stated (p 633):

"We agree with the circuit court, at least to this extent, that there was no authority for disposing of entireties property to persons other than the parties thereto who were plaintiff and defendant in the divorce case. We construed the section of the statute cited above in *Allen* v. *Allen* (1917), 196 Mich 292. We said (p 296): 'The language of the statute is unambiguous, and clothes the court with plenary authority to award the whole or any part of the lands held by the parties as tenants by the entireties *to either of the parties*.' (Emphasis supplied.) It is clear therefore that there was no authority in the

court to decree a life estate to the parties with remainders over to their children."

Justice Black, dissenting, stated (pp 637, 638):

"The 3 children of the parties are the record legal owners of the realty subject matter, subject to the respective life estates of record. Mr. Flynn's petition for invalidation shows on its face all these facts and, in addition, discloses his recent vain effort to obtain quitclaim deeds from the 2 adult children and from the guardian of the third (yet a minor). In this state of things the children should have been brought in as necessary parties to any proceeding by which Mr. Flynn would cut off their record interest. We have a statute providing for such action (CL 1948, § 612.10 [Stat Ann § 27.662]) and the trial chancellor upon his own motion should have denied judicial action until such requisite parties were brought in and permitted to plead. Finally, no reason appears for failure to bring them in.

"The reason for such joinder of necessary parties is well known. 'It is a general rule in equity that all parties entitled to litigate the same questions are necessary parties.'" (Citation omitted.)

102 ALR 814 contains an annotation dealing with the propriety of joining third persons as parties defendant in divorce actions because of their interest, alleged or actual, in property rights involved in the litigation. It is stated (p 814):

"It is generally held that third persons having, or claiming to have, an interest in property involved in a divorce action, are proper parties to such action."

Cases from California, Illinois, Louisiana, New York, Oregon, Texas, Wisconsin, and England are cited in support of the rule.

The rule is stated in 24 Am Jur 2d, Divorce and Separation, § 278, p 431, as follows:

"Where it is sought not only to secure a divorce, but also to have an adjudication of property rights or a division of property, it is generally held that third persons having or claiming to have an interest in the property involved are proper parties to such action. If the plaintiff desires a judgment determining his or her rights in such property, they are necessary and indispensable parties. Indeed, it is held that either party to the divorce action may bring in third persons interested in property involved, in order that their claims may be adjudicated in the divorce action. If neither party to the divorce action brings in third persons who claim an interest in the property involved in the suit, such third persons may themselves intervene to establish their rights. However, such a person's right to be heard extends only to the protection of his interest in the property, and not to the question of the plaintiff's right to a divorce."

See, also, 24 Am Jur 2d, Divorce and Separation, § 937, p 1071.

CL 1948, § 612.10 (Stat Ann § 27.662), referred to by Justice BLACK in his opinion in *Flynn, supra,* was repealed by the revised judicature act. It was replaced by GCR 1963, 205—Necessary Joinder of Parties. See, also, GCR 1963, 206, as construed by this Court in *Gervais* v. *Annapolis Homes, Inc.* (1966), 377 Mich 674. GCR 1963, 721, Domestic Relations, provides: "Unless otherwise specified in these special rules, the procedure in the above actions shall follow the general rules of procedure."

Under the current provisions of the General Court Rules and the decisions of this Court in some of the above cases, the oft-quoted statement that the jurisdiction of a court in divorce action is strictly statutory is incorrect. There is no good reason why a court should not exercise its customary equity powers in divorce actions as long as in so doing it

does not disregard statutory provisions pertaining to divorce.

The Court of Appeals and the trial court are reversed. The provisions of the judgment for divorce under the heading "Property Settlement," are stricken. The case is remanded for redetermination of the question of property settlement in accordance with GCR 1963 as between the present parties or as between them and William Yedinak and George Yedinak in the event they are properly joined as parties. Costs to appellant.

T. E. Brennan, C. J., concurred with Adams, J.

Black, J. (*for remand*). I perceive no good reason for rehash of former decisions which, say as in *Newton* v. *Security National Bank of Battle Creek* (1949), 324 Mich 344, and *Flynn* v. *Flynn* (1962), 367 Mich 625, left doubt respecting the circuit court's power to determine equities in a divorce case as Judge Smith has done in this case. With advent of the unitary Revised Judicature Act and General Court Rules of 1963, there now is no good reason why our circuit courts should not exercise their general equity powers in divorce actions just so long as they do not disregard statutory provisions pertaining to divorce. See particularly GCR 1963, 205 and 721, and comment in *Gervais* v. *Annapolis Homes, Inc.* (1966), 377 Mich 674, 678–680, upon the purposeful changes which the new rules have effected in the area of joinder of parties.

I would remand for redetermination of the question of property settlement as between the present parties and also William Yedinak and George Yedinak. Upon remand the trial judge should require that William and George be brought in as necessary parties, under GCR 1963, 205.1, and should

see that the new "Property Settlement" division of the court's judgment is so couched as to bind William and George to the decretal result which, upon such redetermination, is intended by the court. Costs if any should abide the final result.