JOHNSON *v.* BUSH LUMBER CO.

1. LIENS—EQUITABLE LIENS—PERSONAL DECREE.
   In case where rights depend upon equitable lien, and no lien may be impressed, court may not make decree *in personam.*

2. SAME—CONVEYANCE TO INNOCENT THIRD PARTIES.
   Where property, upon which equitable lien is sought, has passed to innocent third parties by unimpeachable conveyance of record, court may not retain jurisdiction and enter personal decree against former owner.

Appeal from Muskegon; Vanderwerp (John), J. Submitted January 13, 1932. (Docket No. 122, Calendar No. 36,211.)   Decided April 4, 1932.

Bill by Theodore Johnson and another against Bush Lumber Company, a corporation, and others to impress an equitable lien on real estate. Defendant Bush Lumber Company appeals from decree for plaintiffs. Reversed, and bill dismissed.

*Cross, Foote & Sessions,* for plaintiffs.

*William J. Balgooyen,* for defendant Bush Lumber Company.

WIEST, J. This bill was filed to impress an equitable lien upon property. Defendant Bush Lumber Company owned lots 219 and 220 in a certain subdivision. Defendants Morse wanted a home and engaged Carl Pickett to build them a house on lot 219 and to sell the same to them on land contract. By mistake of Pickett the house was built on lot 220. During the course of construction of the house Pickett needed money for material and mortgaged lot 219 to plaintiffs for $2,000, and probably used the same in the purchase of materials. Discovery of the mistake was not made until after the house was completed and the Morses had been in possession for some time. The Bush Lumber Company mortgaged lot 220 to defendants Yemens for $1,500, and they are mortgagees in good faith. Later the Bush Lumber Company sold lot 220 to Sidney Bush (not connected with the company), and he paid $1,500 and took the property, subject to the mortgage, and he is a purchaser in good faith. Such was the situation when the bill herein was filed.

The circuit judge found that the rights of the innocent mortgagees and the innocent purchaser

prevented any decree for an equitable lien, but granted a money decree for the sum of $2,000, against the Bush Lumber Company, and adjudged that, upon payment of that sum to plaintiffs, they should discharge their mortgage on lot 219.

Plaintiffs had to admit that rights of innocent parties prevented an equitable lien upon the property, and, therefore, they asked and were granted a money decree against the Bush Lumber Company. All such rights of innocent parties existed before the filing of the bill, and the least inquiry by plaintiffs would have disclosed the futility of seeking an equitable lien. The court was in error in awarding a money decree.

As stated in *Kukuk* v. *Martin,* 331 Ill. 602 (163 N. E. 391):

"An equitable lien is the right to have property subjected in a court of equity to the payment of a claim. It is not a *jus in re* or a *jus ad rem.* It is neither a debt nor a right of property but a remedy for a debt. It is simply a right of a special nature over the property which constitutes a charge or incumbrance thereon, so that the very property itself may be proceeded against in an equitable action and either sold or sequestered under a judicial decree and its proceeds in one case, or its rents and profits in the other, applied upon the demand of the creditor in whose favor the lien exists. (*Aldrich* v. *Ederer Co.,* 302 Ill. 391 [134 N. E. 726].) The remedies of equity are, as a class, specific. The doctrine of 'equitable liens' was introduced for the sole purpose of furnishing a ground for the specific remedies which equity confers, operating upon particular identified property, instead of the general pecuniary recoveries granted by courts of law."

In *Milam* v. *Milam,* 138 Tenn. 686 (200 S. W. 826), it was stated:

"It has been said that the doctrine of equitable lien, in certain aspects, is not essentially different from that of the doctrine of subrogation, and, similarly, it is applied in cases where the law fails to give relief and justice would miscarry but for its declaration. The doctrine, however, does not afford a remedy without recognized bounds, nor is it 'to be applied according to the measure of conscience of the particular chancellor any more than,' as an illustrious law writer said 'to the measure of his foot.' Equity called it into being, and enforces it on the principle that a person, having gotten property of another, ought not in good conscience to retain it as a thing freed of obligation to respond.

"An equitable lien, strictly speaking, is not a *jus in re*, or a *jus ad rem*, but is the right to have the property subjected in a court of equity to the payment of the claim. It is a floating equity until action by the court is invoked."

In a case where rights depend upon an equitable lien, and no lien can be impressed, the court cannot make a decree *in personam*. The whole theory of an equitable lien, as applied to the facts in this case, is to hold the property to respond to its improvement by another than the owner. Where property, upon which the lien is sought, has passed to innocent third parties by unimpeachable conveyances of record, the court may not retain jurisdiction and enter a personal decree against the former owner.

Where no equitable lien is possible, no personal decree is permissible. The bill should have been dismissed.

The decree in the circuit is reversed, and a decree will be entered in this court, dismissing the bill, with costs to defendant Bush Lumber Company.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.