# STATE OF MICHIGAN

# COURT OF APPEALS

RASHEEDA JOE, Personal Representative of the
ESTATE of REGINALD MILLS,

        Plaintiff,

v

BRYCE KEARN, also known as BRYCE KERN,
and JADE TRUSEL,

        Defendants,

and

JONATHAN MARKO,

        Appellant,

and

RASOR LAW FIRM, P.L.L.C.,

        Appellee.

UNPUBLISHED
December 12, 2017

No. 333643
Wayne Circuit Court
LC No. 16-000654-NI

Before: GLEICHER, P.J., and GADOLA and O'BRIEN, JJ.

PER CURIAM.

Appellant, nonparty Jonathan Marko, appeals as of right the trial court's order extinguishing his lien against the settlement proceeds paid to appellee, nonparty Rasor Law Firm, in the underlying case. We affirm.

This case arises from the disputed distribution of the settlement proceeds from the wrongful death action of Reginald Mills in the underlying case. On April 2, 2015, defendant allegedly failed to stop at a traffic signal and struck Mills, who was operating a motorcycle. Mills ultimately died from the resulting injuries. Plaintiff, as personal representative of Mills's estate, was referred to appellant, who was an employee of appellee at the time. Appellant alleges that, pursuant to an employment contract, he was to receive 40% of any contingency fees recovered from cases he brought to appellee. The underlying case was eventually settled, but

-1-

before it was settled, appellant left appellee's employment and notified appellee that he would be asserting a lien on any settlement proceeds obtained in this case.

After the settlement, appellee filed a motion to terminate appellant's asserted lien, arguing that only appellee had an agreement with plaintiff, and, thus, only it, and not appellant, could assert a charging lien on the settlement proceeds. In response, appellant argued that he and appellee had an express agreement in which they agreed to split recovered contingency fees, and that this agreement created an equitable lien in his favor. Appellant also contended that no agreement between himself and plaintiff was necessary in order for appellant to assert an equitable lien.

At the motion hearing, the trial court ruled that appellant was not entitled to an equitable lien because he had an adequate remedy at law. The trial court also ruled that appellant was not entitled to a charging lien on plaintiff's settlement because he did not have a contract with plaintiff. Accordingly, the trial court granted appellee's motion to terminate the lien.

On appeal, appellant argues that the trial court erred by not finding that he was entitled to equitable lien.[1] We disagree. "Whether a lien is authorized in a particular case is a question of law," which we review de novo. *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 281; 761 NW2d 761 (2008).

An equitable lien is "the right to have property subjected in a court of equity to the payment of a claim." *Johnson v Bush Lumber Co*, 258 Mich 306, 308; 241 NW 819 (1932). "The doctrine of 'equitable liens' was introduced for the sole purpose of furnishing a ground for the specific remedies which equity confers, operating upon particular identified property, instead of the general pecuniary recoveries granted by courts of law." *Id*. "Where the parties agree that a clearly identified fund secures an obligation, that agreement gives rise to a lien upon the fund." *Warren Tool Co v Stephenson*, 11 Mich App 274, 294; 161 NW2d 133 (1968). "An equitable lien cannot be imposed, however, if the proponent has an adequate remedy at law." *In re Moukalled Estate*, 269 Mich App 708, 719; 719 NW2d 400 (2006), citing *Yedinak v Yedinak*, 383 Mich 409, 415; 175 NW2d 706 (1970); *Ashbaugh v Sinclair*, 300 Mich 673, 677; 2 NW2d 810 (1942).

Here, appellant is not entitled to an equitable lien because he has an adequate remedy at law. Throughout his brief on appeal, appellant makes numerous references to his "contract" with appellee and to appellee's "contractual" obligations to appellant. Appellant's entire theory for why he is entitled to an equitable lien is based on his alleged contract with appellee and his

---

[1] We note that, on appeal, appellant does not assert that he has a "charging lien," see *George v Sandor M Gelman, PC*, 201 Mich App 474, 476; 506 NW2d 583 (1993) ("The special or charging lien is an equitable right to have the fees and costs due for services secured out of the judgment or recovery in a particular suit."), but rather only asserts that he has a more general equitable lien, see *Warren Tool Co v Stephenson*, 11 Mich App 274, 284 n 5; 161 NW2d 133 (1968) (stating that "[c]harging and retaining liens arise by reason of the lawyer-client relationship," whereas "the equitable lien [is] dependent on a finding of express agreement").

assertion that appellee breached the terms of that contract. Thus, if appellant were not granted an equitable lien, he could nonetheless collect the portion of the settlement proceeds that he is allegedly owed by bringing a cause of action against appellee for breach of contract. Therefore, appellant has an adequate remedy at law,[2] and the trial court properly determined that appellant was not entitled to an equitable lien.

Appellant argues that his remedy at law is inadequate because he "would be forced to incur costly litigation and long delays to vindicate his legal claims." However, we do not see how this affects the adequacy of appellant's remedy. While litigating a claim is certainly inconvenient, it may be necessary in this case in order for a court to determine whether appellant and appellee had a contract, what the terms of that contract were, and whether appellee violated those terms thereby entitling appellant to damages.

Appellant also argues that his legal remedy is inadequate "given [appellee's] solvency issues." Appellant does not contend that appellee is insolvent; he only asserts that he has no legal remedy because appellee is having difficulty meeting certain financial obligations. Appellant cites no authority for the proposition that he does not have an adequate legal remedy because appellee, a solvent party, failed to timely pay its bills. See *Liggett Rest Group, Inc v City of Pontiac*, 260 Mich App 127, 138; 676 NW2d 633 (2003). ("This Court will not search for law to sustain a party's position where that party neglects to cite any supporting authority for its claim."). And so long as appellant is solvent, there is authority to support the proposition that appellant would have an adequate remedy at law.[3] See *Maclean v Fitzsimons*, 80 Mich 336, 344; 45 NW 145 (1890) ("The bill does not allege that Beattie is insolvent; and, if not, [the complainant] has a complete remedy against him as the maker of the notes."). While we understand appellant's concern, there is nothing in the record before us to warrant the conclusion that appellant would be unable to collect in full any damages that may be awarded to him from a favorable judgment for breach of contract against appellee. Therefore, appellant failed to establish that he does not have an adequate legal remedy.[4]

---

[2] We acknowledge that appellee spends much of his brief on appeal contesting the terms of its alleged contract with appellant, going so far as to assert that the contract did not even exist. To be clear, nothing in our ruling is meant to reflect a decision with respect to any of these arguments. Assuming appellant decides to pursue a breach of contract claim in the future, we leave all such factual and legal determinations to the trial court.

[3] We emphasize that our decision should not be taken out of context. Equity grants a court "broad power to fashion relief as the circumstances require," *Madugula v Taub*, 496 Mich 685, 712; 853 NW2d 75 (2014), and we acknowledge that a party's solvency is not necessarily determinative of an opposing party's equitable claim. However, appellant's argument is that appellee's financial condition entitles him to equitable relief, and on the record before us, we have no basis to conclude that appellee's alleged "solvency issues" would prevent appellant from obtaining an adequate remedy at law.

[4] Relying on *Warren Tool*, 11 Mich App at 297, appellant also argues that he should be granted an equitable lien because it would provide him with "a more complete remedy." However, we

-3-

Appellant also argues that the trial court's ruling in this case was precluded under the doctrine of collateral estoppel because the parties fully litigated whether appellant was entitled to an equitable lien before another court, and that court decided that he was. We disagree. This Court reviews de novo "issues concerning the application of the doctrine of collateral estoppel." *Barrow v Pritchard*, 235 Mich App 478, 480; 597 NW2d 853 (1999).

"Collateral estoppel, or issue preclusion, precludes relitigation of an issue in a subsequent, different cause of action between the same parties . . . when the prior proceeding culminated in a valid final judgment and the issue was actually and necessarily determined in the prior proceeding." *Ditmore v Michalik*, 244 Mich App 569, 577; 625 NW2d 462 (2001). "Where questions of law are involved, the courts have been reluctant to apply the rule of res judicata" unless the two causes of action arose out of the same subject matter or transaction. *Young v Detroit City Clerk*, 389 Mich 333, 338; 207 NW2d 126 (1973).

Here, appellant argues that the result from *Ford v Woodward Tap, Inc* (Oakland County Circuit Court Case No. 12-128348-NS) determined the legal issue of whether appellant was entitled to an equitable lien for purposes of this case. While *Ford* involved the same parties and issue, the underlying transaction in that case involved different plaintiffs and a different defendant. Accordingly, because *Ford* arose out of a different transaction, that decision does not have preclusive effect.

Affirmed.

/s/ Elizabeth L. Gleicher
/s/ Michael F. Gadola
/s/ Colleen A. O'Brien

---

have no reason to conclude that an equitable lien would provide appellant with "a more complete remedy" than would a breach of contract claim. If appellant is entitled to a portion of the attorney fees from the underlying case, then he would be able to recover the same amount in an action for breach of contract as he would from his asserted equitable lien. And as we stated, we have no reason to conclude that appellee would fail or be unable to pay appellant the full amount of any potential award.